PUETZ MOTOR SALES, INC., Petitioner-Appellant,†

v.

LABOR & INDUSTRY REVIEW COMMISSION, Respondent.

Court of Appeals

*No. 84–1967. Submitted on briefs July 23, 1985.—*
*Decided September 4, 1985.*
(Also reported in 376 N.W.2d 372.)

† Petition to review denied.

For the petitioner-appellant, the cause was submitted on the briefs of *Cheryl A. Gemignani* and *Ronald P. Dales* of *Federer, Grote, Rohde, Neuses & Dales* of Sheboygan.

For the respondent, the cause was submitted on the brief of *Bronson C. La Follette*, attorney general, and *Maureen McGlynn*, assistant attorney general.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

BROWN, P.J.   Puetz Motor Sales, Inc. appeals from the Labor and Industry Review Commission's finding, affirmed by the circuit court for Manitowoc county, that Puetz discriminated against Donald J. Manz on the basis of his age when it discharged him in 1980. Because substantial evidence supports the commission's decision and the circuit court correctly found age to be a "determining factor" in Puetz's decision, we affirm.

Manz was employed by Puetz, a Ford dealership in Kiel, Wisconsin, from October 1962 until he was discharged in November 1980. At that time, Manz was fifty-two years old and had been manager of the parts department for about ten years. Two other employees were discharged at the same time, one a fifty-two-year-

old parttime receptionist and the other a twenty-year-old fulltime mechanic. Ken Puetz, the firm's general manager, told the employees that economic conditions necessitated the layoffs. The company retained twenty-three employees, eight of whom were aged fifty or over. The twenty-one-year-old assistant manager of the parts department, Roger Binder, was among those retained. Since Manz was told the company could not afford his salary, he offered to work for Binder's salary, a pay cut of over fifty percent. Ken Puetz refused the offer. It was conceded that Manz could have performed Binder's job as it existed after Manz's layoff. Ken Puetz did not tell Manz that unsatisfactory job performance contributed to the layoff decision.

On August 3, 1981, Manz filed a complaint with DILHR under the Wisconsin Fair Employment Act (WFEA), secs. 111.31–111.395, Stats., alleging discrimination because of his age. After a hearing and submission of briefs, the DILHR hearing examiner found that age was a factor in the termination decision and concluded that Manz had proven age discrimination. The Labor and Industry Review Commission, though modifying the examiner's findings of fact, agreed that age was a factor in Manz's termination.

The circuit court for Manitowoc county affirmed the commission's decision. In so doing, it noted that the commission did not specifically make the required finding that Manz's age was a "determining factor" in Puetz's decision. However, the court held that such a finding was unnecessary since the commission found both that Manz's age was a factor in the decision to lay off Manz rather than Binder and that Puetz's stated reasons for the decision were a pretext for age discrimination. In effect, the court held, the commission found age to be the only factor for the termination. Puetz now appeals from the decision of the circuit court.

Puetz claims first that Manz failed to make out a *prima facie* case of age discrimination under the WFEA, secs. 111.31–111.395, Stats. The WFEA does not establish a specific procedure by which a complainant must prove a claim of discrimination; however, this court will look to federal employment discrimination decisions for guidance in interpreting state fair employment law, and both parties here cite federal case law to support their arguments. *Anderson v. LIRC,* 111 Wis. 2d 245, 254, 330 N.W.2d 594, 598 (1983).

The basic allocation of burdens and order of presentation of proof in employment discrimination suits brought under Title VII, Civil Rights Act of 1964, 42 U.S.C. § 2000e (1982), was determined in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973).[1] *McDonnell Douglas* requires the complaining party to establish a *prima facie* case, which then raises a presumption of discrimination. To rebut the presumption, the defendant need only articulate a legitimate, nondiscriminatory reason for the action taken. *Texas Department of Community Affairs v. Burdine,* 450 U.S. 248, 254 (1981). The complainant then must be given the opportunity to prove that the proffered reason is merely a pretext for discrimination. *McDonnell Douglas,* 411 U.S. at 804, 805; *see also Hamilton v. DILHR,* 94 Wis. 2d 611, 619, 288 N.W.2d 857, 861 (1980). In age discrimination cases, the ultimate burden of persuading the trier of fact that age was a determining factor rather than merely a

[1] Age discrimination is addressed by the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621–634 (1982), rather than by Title VII. However, the *McDonnell Douglas* analysis has been held applicable to ADEA actions by the majority of federal circuits which have addressed the issue. *See Loeb v. Textron, Inc.,* 600 F.2d 1003, 1010 (1st Cir. 1979); Annot., 58 A.L.R. Fed. 94 (1982). Puetz does not argue that the *McDonnell Douglas* analysis should not apply to age discrimination suits under the WFEA.

factor in the decision remains at all times with the plaintiff. *La Montagne v. American Convenience Products, Inc.,* 750 F.2d 1405, 1409 (7th Cir. 1984).

The elements of a *prima facie* case will vary with the factual circumstances of each case. *McDonnell Douglas,* 411 U.S. at 802 n. 13. In a claim of discriminatory discharge on the basis of age, the complainant must show that: (1) he was forty or older and thus a member of the protected age group under sec. 111.33, Stats.; (2) he was discharged; (3) he was qualified for the job, and (4) either he was replaced by someone not within the protected class or others not in the protected class were treated more favorably. *See, e.g., Duffy v. Wheeling Pittsburgh Steel Corp.,* 738 F.2d 1393, 1395 (3d Cir.), *cert. denied,* — U.S. —, 83 L. Ed. 2d 702 (1984); *Elliott v. Group Medical & Surgical Service,* 714 F.2d 556, 565 (5th Cir. 1983), *cert. denied,* — U.S. —, 81 L. Ed. 2d 364 (1984). We adopt this rationale of the federal courts.

Puetz argues that Manz's *prima facie* case fails on the third and fourth elements—that Manz's job performance was unsatisfactory so that he was not qualified for the job and that because Manz's position was eliminated he was not replaced by a younger employee.

The latter argument is quickly disposed of. Although Puetz cites an unpublished LIRC opinion requiring the complainant to show that he was replaced by a younger person, as we have stated above, the elements of a *prima facie* case are not fixed in stone but vary with the facts of each case. *McDonnell Douglas,* 411 U.S. at 802 n. 13.

The fact that Manz's position was eliminated for some eighteen months so that he was not "replaced" but rather his former duties were shared by Binder and Ken Puetz cannot be held to destroy the *prima facie* case. It is enough that the complainant establish facts which raise

an inference of age discrimination. Manz did so here by establishing that he was laid off while a much younger and less-experienced employee was retained in a position for which Manz was fully qualified and which was in fact essentially a subset of the position Manz had held, even though Manz offered to work for the same salary as that employee.

Puetz's claim that Manz was not qualified to retain his job raises a more serious issue but substantial evidence supports a finding that Manz was performing his duties at a level of competence sufficient to establish this element of the *prima facie* case. Just as a rejected job applicant need not show that he was the most qualified applicant but merely that he possessed the minimal qualifications for the job, *see Rich v. Martin Marietta Corp.*, 522 F.2d 333, 347–48 (10th Cir. 1975) ; *Garner v. Boorstin,* 690 F.2d 1034, 1036–37 (D.C. Cir. 1982), a discharged employee need not establish that his performance was excellent or even average but only that it was of sufficient quality to merit continued employment. *See Flowers v. Crouch-Walker Corp.,* 552 F.2d 1277, 1282–83 (7th Cir. 1977). That the employee's work was inferior to that of other employees, making him the prime candidate for discharge on the occasion of a work slowdown, is instead properly raised by the employer as a nondiscriminatory reason for discharge. *Id.* at 1281, 1283.

In the present case, Puetz claims that Manz's work was unsatisfactory as evidenced by his inability to control the inventory in the parts department. However, Manz had held his position for ten years and had received no warnings that his continued employment depended upon his improved performance. Furthermore, Manz's job performance was not mentioned to him as a reason for his discharge, and Puetz does not contend that Manz would have been discharged absent the need to

reduce the work force. We therefore hold that there was substantial evidence to support the finding that Manz's job performance was adequate for the purposes of the *prima facie* case.

Next, Puetz argues that even if Manz established a *prima facie* case, Puetz overcame the presumption of discrimination by its articulation of legitimate nondiscriminatory reasons for Manz's discharge and Manz did not prove that the reasons were pretextual. A complainant may establish pretext either directly by showing that a discriminatory reason more likely motivated the employer or indirectly by showing the employer's proffered explanation to be unworthy of credence. *Burdine,* 450 U.S. at 256. That a reason is pretextual does not mean it is false; the facts asserted may in fact be true but not the actual reason for the action taken. *See Golomb v. Prudential Insurance Co. of America,* 688 F.2d 547, 551–52 (7th Cir. 1982).

The commission, as trier of fact, found Puetz's proffered reasons to be pretextual, and we must affirm if substantial evidence supports the finding. Sec. 227.20 (6), Stats. The reasons Puetz offered for its decision to discharge Manz were: (1) poor economic conditions in the industry required a cutback in personnel and dictated termination of the higher paid employee, *i.e.,* Manz rather than Binder; (2) Manz's job was totally eliminated; (3) Manz was not qualified to be service manager nor was that position vacant; (4) Manz was qualified to be assistant parts manager but that position was not vacant, and (5) Manz's work was unsatisfactory.

That economic straits necessitated personnel reduction was not disputed; however, when Manz offered to stay on for the salary that Binder was then making, the commission could reasonably have been persuaded that no economic reason to discharge Manz rather than

Binder remained.[2] The "elimination" of Manz's job and the nonvacant status of Binder's position are essentially two sides of the same coin—the fact that Binder, not Manz, was retained. Since Manz was qualified to perform Binder's job as it existed after the layoffs, the commission could reasonably have found that these were not reasons at all but merely the results of the decision. The commission agreed with Puetz that Manz was not qualified to be service manager, but Manz's lack of such qualifications is not material to the decision to retain Binder rather than Manz in the parts department.

The final reason offered was Manz's allegedly unsatisfactory performance in controlling inventory. We hold that there was substantial evidence to support the commission's finding that this reason was pretextual. Manz was not told that poor performance was a reason for his discharge and in fact the termination was characterized as a layoff, implying the possibility of rehiring him. Profitability was down in all of the dealership's departments and the parts department's record was not the worst. Manz was aware of the inventory control problem, had learned a new inventory control system and took inventory work home at night. He received no warning that his continued employment depended upon improved performance. Furthermore, after the realignment of duties, Ken Puetz assumed managerial control of the parts department; thus, the very aspect of Manz's work

---

[2] Puetz contended before the commission and the circuit court that Ken Puetz refused Manz's offer to work for Binder's salary because he believed Manz would not devote his best efforts to the job after such a cut in pay and would be seeking other employment. The commission found this reason to be pretextual and the circuit court agreed. Puetz does not dispute this finding on appeal, and we therefore need not reach the issue. *See County of La Crosse v. City of La Crosse*, 108 Wis. 2d 560, 571–72, 322 N.W.2d 531, 536 (Ct. App. 1982).

which Puetz claims was unsatisfactory would have been removed from Manz's shoulders if he had been retained in the position as it existed after the reorganization. Substantial evidence thus supports the commission's finding of pretext.

Puetz argues finally that Manz did not prove age to be a "determining factor" in the decision as has been required by federal courts interpreting the Age Discrimination in Employment Act, 29 U.S.C. §§ 621–634 (1982), see *Golomb*, 688 F.2d at 550, and that the circuit court erred in inferring such a finding from the commission's express findings. The commission found age to be "a factor" in the decision and Puetz does not argue that the finding is not supported by substantial evidence. Because substantial evidence supports the commission's finding that the only proffered nondiscriminatory reasons material to the discharge of Manz rather than Binder were pretextual, we agree with the circuit court that the commission in effect found Manz's age to be the only factor in the decision.

A finding not explicitly made by an administrative agency may be inferred from other properly made findings if there is evidence or inferences which can be drawn from the evidence to support such findings. *Valadzic v. Briggs & Stratton Corp.*, 92 Wis. 2d 583, 591, 286 N.W.2d 540, 543 (1979). Because the commission's findings in this case are subject to only one interpretation, that age was the only factor in the decision to terminate Manz rather than Binder, we hold that the circuit court did not err in inferring that age was a determining factor.

*By the Court.*—Order affirmed.