George HARRISON, Petitioner-Respondent,†

v.

LABOR AND INDUSTRY REVIEW COMMISSION, Respondent-Co-Appellant,

FRIENDS PROFESSIONAL STATIONERY, INC., Respondent-Appellant.

Court of Appeals

*No. 96–1795. Submitted on briefs March 27, 1997.—Decided May 7, 1997.*

(Also reported in 565 N.W.2d 572.)

†Petition to review denied.

On behalf of the respondent-appellant Friends Professional Stationery, Inc., the cause was submitted on the brief of *Alan S. Brostoff* of Milwaukee.

On behalf of the respondent-co-appellant Labor and Industry Review Commission, the cause was submitted on the briefs of *James E. Doyle*, attorney general, and *Jennifer Sloan Lattis*, assistant attorney general.

On behalf of the petitioner-respondent George Harrison, the cause was submitted on the brief of *Mary Lynne Donohue* and *John E. Raftery* of *Hopp, Powell, Raftery & Bauer* of Sheboygan.

Before Snyder, P.J., Brown and Nettesheim, JJ.

BROWN, J. We deem the dispositive issue in this age-discrimination case to be whether the discharged employee's physical disability made him "physically or otherwise unable to perform his . . . duties" under § 111.33(2)(a), STATS., thereby barring the employee from establishing a prima facie case. Because the employee's physical disability made him "not qualified" for the job, we hold that the employee has failed to state a prima facie claim that his employer's refusal to rehire him was motivated by age.

This is the second time that we have faced this dispute between George Harrison, a printer/pressman, and his former employer, Friends Professional Stationery, Inc. *See Harrison v. LIRC*, 187 Wis. 2d 491, 523 N.W.2d 138 (Ct. App. 1994) (*Harrison I*). The dispute originated in 1986 when Friends elected not to rehire Harrison after a corporate reorganization.

Harrison started with Friends in 1979. He injured his back in 1981 and had corrective surgery. After the surgery, he was unable to perform all of the heavy lifting and bending usually associated with the printing presses he operated. Harrison was able to continue working, however, because coworkers helped him with the heavier tasks.

When Friends reorganized in 1986, Harrison was not hired by the new firm. Harrison reacted by applying for disability benefits with the social security program. Harrison claimed that his back condition was

683

disabling and he was unable to work. Nevertheless, in 1987, Harrison was denied the benefits after a federal ALJ found that Harrison could still do light work.

While Harrison was pursuing his social security claim, he also initiated age- and handicap-discrimination claims against Friends pursuant to the Wisconsin Fair Employment Act (WFEA). *See generally* § 111.31-.395, STATS. However, a state hearing examiner only found probable cause on the age-discrimination claim. Since Harrison chose not to contest the finding regarding the handicap claim, the dismissal of that claim became final.

Harrison's age-discrimination case came before a state ALJ in October 1990. At these hearings, Harrison testified that he was capable of performing the tasks associated with his position. Since Friends perceived these statements as being contrary to Harrison's previous testimony during the social security proceedings where he claimed to be disabled, it argued that Harrison should be judicially estopped from now asserting that he was qualified for the job, an essential element to his age-discrimination case. LIRC agreed but the circuit court did not.

This judicial estoppel issue is what we addressed in *Harrison I*. We concluded that for judicial estoppel to apply, LIRC had to do more analysis and we remanded. *See Harrison I*, 187 Wis. 2d at 500, 523 N.W.2d at 141–42. We also noted that once LIRC examined that issue, it could proceed to the merits of Harrison's age-discrimination claim if necessary. *See id.*

On remand, LIRC reached both matters. First, it again found that Harrison was estopped from "denying that he was unable to perform the job of printer/press operator . . . ." Second, LIRC found that, owing to his back injury, Harrison could not meet what it termed

the "essential element" of showing that he was able to perform his job.

Harrison petitioned the circuit court, which reversed LIRC's ruling. The court found that Harrison was not estopped from asserting that he was physically qualified. Next, the circuit court turned to the merits and applied *Puetz Motor Sales, Inc. v. LIRC*, 126 Wis. 2d 168, 173, 376 N.W.2d 372, 374–75 (Ct. App. 1985), to measure if Harrison stated a claim.

The circuit court found that Harrison had established a prima facie case of age discrimination. In regard to the effect of Harrison's back condition, the circuit court ruled that his physical limitations must be viewed in light of "the reality of the situation as it existed when Harrison was discharged." That is, Friends had accommodated his back injury and had apparently been satisfied with Harrison's output.

Friends appeals and LIRC joins by co-appeal to challenge the circuit court's decision; they seek affirmance of LIRC's earlier ruling. They seek review of the circuit court's decision that Harrison has established a prima facie case, not the determination that judicial estoppel is inapplicable. We owe no deference to the circuit court's decision, nor do we owe deference to LIRC's decision, because whether a person has stated a claim presents a question of law which is subject to de novo review. *See Preloznik v. City of Madison*, 113 Wis. 2d 112, 115–16, 334 N.W.2d 580, 582–83 (Ct. App. 1983); *see also Anderson v. LIRC*, 111 Wis. 2d 245, 253, 330 N.W.2d 594, 598 (1983) (applying de novo standard to administrative agency's legal conclusion).

In *Puetz Motor Sales*, this court determined that the analysis of WFEA age-discrimination claims

685

should be patterned after analogous federal legislation. *See Puetz Motor Sales,* 126 Wis. 2d at 172, 376 N.W.2d at 374. Based on the interpretative federal case law, we concluded that a person alleging discrimination on the basis of age must show four things to establish a prima facie case:

> (1) he [or she] was forty or older and thus a member of the protected age group under sec. 111.33, Stats.; (2) he [or she] was discharged; (3) he [or she] was qualified for the job, and (4) either he [or she] was replaced by someone not within the protected class or others not in the protected class were treated more favorably.

*Id.* at 173, 376 N.W.2d at 374–75. As we noted above, this appeal concerns the third prong, whether Harrison "was qualified for the job." *See id.*

LIRC and Friends contend that Harrison cannot pass this hurdle. They direct us to § 111.33, STATS., which, in relevant part, provides:

> **Age; exceptions and special cases. (1)** The prohibition against employment discrimination on the basis of age applies only to discrimination against an individual who is age 40 or over.
> **(2)** . . . it is not employment discrimination because of age to do any of the following:
> (a) To terminate the employment of *any employe physically or otherwise unable to perform his or her duties.* [Emphasis added.]

Because Friends admits that Harrison was not rehired because he was unable to fulfill all of the physical

demands placed on a printing press operator,[1] LIRC and Friends attack the circuit court's legal conclusion that the arrangements Friends made so that Harrison could continue working are relevant to his age-discrimination claim. Although LIRC and Friends concede that the accommodation would have been relevant to a handicap-discrimination claim, since Harrison failed to challenge the hearing examiner's determination that there was no probable cause on that claim, they contend "that basis for relief dropped out."

In response, Harrison asserts that the circuit court properly found that he stated a prima facie claim. He characterizes LIRC and Friends' analysis to impose an additional element of proof on him. Even though up to the time of his discharge Friends had let Harrison get help in doing his work, he complains that now this requires him "to show that he could do the work without help."

The circuit court used our decision in *Puetz Motor Sales* as its guide in agreeing with Harrison. In *Puetz Motor Sales*, the issue was whether the discharged employee had the expertise required to perform the job; specifically, the employee, a parts manager at an auto dealership, was alleged to not have the skills to manage the parts inventory. *See Puetz Motor Sales*, 126 Wis. 2d at 174, 376 N.W.2d at 375. In discussing these intellectual aspects of an employee's qualifications, we held that an employee only had to show that his or her work was of "sufficient quality to merit continued employment." *See id.*

---

[1] LIRC states in its brief that "it can be assumed that Friends did not rehire Harrison because it believed Harrison could not perform the job of printer/pressman."

From this, the circuit court reasoned that Harrison only needed to show that he was physically able to "meet the minimum qualifications for the job." Although the circuit court did not further elaborate, we are convinced that it employed the following rationale: the "minimum requirement" for performing Harrison's job was established by Friends. That "minimum" was for Harrison to do his job with some lifting help. Since Friends allowed Harrison to perform with lifting help, lifting heavy loads by Harrison himself was not considered by Friends to be an essential function of the job. It was minimally adequate that someone else do the lifting. Thus, Harrison showed that his work was of "sufficient quality to merit continued employment," the standard adopted in *Puetz Motor Sales*.

Nonetheless, the circuit court's analysis of *Puetz Motor Sales* fails to consider that § 111.33(2)(a), STATS., places specific restrictions on what the phrase "qualified for the job" means with respect to physical capabilities. In plain language, the statute explains that an employer does not engage in age discrimination when it discharges an employee because he or she is "physically" unable to perform his or her duties. *See id.* This means that an employee who is performing a job with a physical accommodation does not meet the "minimal qualifications" for the job as that phrase is used in age-discrimination claims. *See Puetz Motor Sales*, 126 Wis. 2d at 174, 376 N.W.2d at 375.

We emphasize that this interpretation of the phrase "minimal qualifications" must be confined to age-discrimination claims. *See* § 111.321, STATS.; *see also* § 111.33, STATS. Although an employer does not violate the age-discrimination laws when it discharges an age-protected employee because of a physical

limitation, the employer is not automatically "licensed" to eliminate all of its employees who encounter physical disabilities as they become older. An employer who does this must still answer to claims that it engaged in "handicap" discrimination prohibited under § 111.321.

Briefly turning to the facts of this case, the record clearly shows that Harrison's former position required heavy lifting and that Harrison could not perform those tasks on his own.[2] Indeed, in his initial brief filed during the second set of LIRC hearings, Harrison's counsel wrote that:

> The record is replete with references to Harrison's laminectomy following a back injury; his resultant difficulty in bending and lifting; the frequent assistance he received from co-workers; and the knowledge by management of Harrison's impairment . . . .

Although Harrison claims that the effects of his back injury limitation do not impede his age-discrimination claim because Friends had accommodated his limitations, we conclude that the record shows that he was not "qualified for the job" and has therefore not

---

[2] We acknowledge that LIRC based this conclusion on a determination that Harrison was estopped from arguing otherwise. Thus, because LIRC and Friends have not challenged the circuit court's conclusion that judicial estoppel did not apply, at first glance it appears that we should again remand to LIRC and have it determine if other parts of the record support a finding that Harrison's former position required heavy lifting and that he could not perform that task. However, this court may infer that an agency made an unexpressed finding when the record supports that finding. *See Doersching v. State Funeral Dirs. & Embalmers Exam. Bd.*, 138 Wis. 2d 312, 323, 405 N.W.2d 781, 786 (Ct. App. 1987).

established a prima facie case. *See Puetz Motor Sales*, 126 Wis. 2d at 173, 376 N.W.2d at 374–75.

In conclusion, the circuit court misapplied the "qualified for the job" element of an age-discrimination case. We therefore reverse its order and affirm LIRC's determination to dismiss Harrison's claim.

*By the Court.*—Order reversed.