PER CURIAM.
¶1 Rebecca Faude appeals a circuit court judgment affirming a Wisconsin Employment Relations Commission (WERC) decision that reversed an examiner's order concerning Faude's termination from employment. We conclude the evidence supports WERC's finding that Faude was terminated because she engaged in workplace misconduct and that Clark County did not commit any prohibited practices when it terminated Faude.
BACKGROUND
¶2 Faude was employed as a certified nursing assistant (CNA) at the Clark County Health Care Center. Faude was also one of five union stewards, who would meet with employees' management representatives to discuss grievances and employee concerns. For at least three years prior to her termination, Faude and fellow employee Bernard Rusch met with management representatives, as union stewards, to present and discuss employee workplace concerns.
¶3 Faude was placed on administrative leave with pay for workplace misconduct after she became disruptive and argumentative during shift change meetings, which conduct interfered with resident care and resulted in overtime costs. Faude caused additional issues by openly and disrespectfully questioning a physician's orders and protocol regarding a particular patient, which was overheard by other staff and negatively influenced the views of other workers. Following an investigative process, Faude's employment was terminated several months later, pursuant to a letter detailing the above conduct that violated the Health Care Center's rules, policies, procedures and employee handbook provisions as well as the failure to meet the Health Care Center's established performance expectations. The letter also outlined Faude's history of prior discipline that the Health Care Center considered in making its determination to terminate Faude's employment. Faude filed a prohibited practices complaint with WERC, alleging her termination was motivated by illegal animus for her union-related activity.[1]
¶4 Following a hearing, the examiner found that Faude engaged in a protected concerted activity when she communicated employee concerns. The examiner further found that Clark County terminated Faude's employment in part because of her protected concerted activity.
¶5 WERC set aside the examiner's decision and order. WERC found that Clark County terminated Faude's employment solely because she engaged in workplace misconduct, and not because of any hostility toward Faude's protected concerted activity as a union steward.
¶6 Faude sought judicial review, and the circuit court affirmed WERC's order. The court determined that substantial evidence supported WERC's findings and conclusion that Faude's termination was solely because of workplace misconduct. Faude now appeals.
DISCUSSION
¶7 In an appeal of a circuit court order reviewing an agency decision, we review the decision of the agency, not that of the circuit court. See WisconsinProf'l Police Ass'n v. WERC , 2013 WI App 145, ¶10, 352 Wis. 2d 218, 841 N.W.2d 839. When reviewing findings of fact made by the agency, we apply the "substantial evidence" standard. Hilton ex rel. Pages Homeowners' Ass'n v. DNR , 2006 WI 84, ¶15, 293 Wis. 2d 1, 717 N.W.2d 166. Substantial evidence means whether, after considering all the evidence in the record, reasonable minds could arrive at the same conclusion. Put another way, any reasonable view of the evidence is sufficient to affirm. Crystal Lake Cheese Factory v. LIRC , 2003 WI 106, ¶27, 264 Wis. 2d 200, 664 N.W.2d 651. An employer's motivation is a factual determination. Currie v. DILHR , 210 Wis. 2d 380, 386, 565 N.W.2d 253 (Ct. App. 1997).
¶8 We will accord "due weight" to the experience, technical competence, and specialized knowledge of WERC in considering its arguments regarding conclusions of law. Tetra Tech EC, Inc. v. DOR , 2018 WI 75, ¶3, 382 Wis. 2d 496, 914 N.W.2d 21. The burden on appeal is on the appellant; WERC does not have to justify its decision. Harnischfeger Corp. v. LIRC , 196 Wis. 2d 650, 661, 539 N.W.2d 98 (1995).
¶9 We conclude there is substantial evidence in the record to support WERC's findings that Clark County terminated Faude for workplace misconduct, and it did not terminate her because of her status as a union steward. It is undisputed that Faude was disruptive during shift changes, and that her behavior negatively affected resident care and caused overtime expense. During shift change meetings, the nurses and nursing assistants were expected to talk about residents' needs and moods, and what staff needed to do to properly care for them. Faude was disruptive during those meetings, undermining the orderly administration of the facility. In addition, Faude openly and disrespectfully questioned a physician's orders regarding patient care, causing other nursing staff to question the physician's knowledge.
¶10 Faude also made disparaging remarks about the director of nursing during a meeting, and although Faude was present at the administrative hearing, she did not offer any testimony to contradict the testimony concerning these remarks. Moreover, the persons involved in making the decision to place Faude on leave and then terminate her employment testified that the actions were taken solely because of workplace misconduct that had escalated over several months. WERC was entitled to credit the testimony that the County's concerns related to staff morale, disrespect for management, and the Health Care Center as a whole, and were not related to the union or union work. It was WERC's role to weigh the credibility of the testimony after consultation with the examiner. That credibility determination, contrary to Faude's favor, is conclusive. See West Bend Co. v. LIRC , 149 Wis. 2d 110, 118, 438 N.W.2d 823 (1989).
¶11 Ultimately, WERC found it most significant that Faude had been an aggressive union steward for at least three years without her having suffered an adverse employment decision due to hostility over her protected concerted activity. In fact, no union steward had ever been disciplined for participating in meetings such as those involved in this case. During the years in question, there had always been five union stewards at the facility, and no other union steward was terminated.
¶12 Faude relies upon a different version of events and inferences to support her argument that her termination occurred because she tenaciously performed her union steward responsibilities. Faude fails to appreciate our deferential standard of review. We will not disregard WERC's findings simply because there is evidence that runs contrary to its findings. We simply look to see if there is substantial, credible evidence that supports WERC's finding. WERC found that Faude was an aggressive advocate when raising workplace issues as a union steward. However, WERC also found that the record established she had acted as such without negative employment consequences for at least three years prior to being placed on leave and ultimately terminated. Further, during the months immediately prior to being placed on leave, Faude had engaged in workplace misconduct by disrupting shift change meetings and vocally criticizing the medical judgment of the Health Care Center's physician. In light of Faude's negative comments about the physician, it was also reasonable to credit the testimony that Faude made negative remarks regarding the director of nursing. Credible and substantial evidence supported WERC's findings.[2]
¶13 Faude also argues WERC erred when it concluded she was not terminated at least in part for her protected activities. However, contrary to Faude's assertions, WERC's conclusion did not turn on a legal interpretation of what constitutes "in part." Rather, it was based on a finding that improper animus played no part. To prevail in a "mixed motive" or "in part" case, the employee must show that the employer was motivated, at least in part, by anti-union hostility. See Wisconsin Dep't of Emp't Relations v. WERC , 122 Wis. 2d 132, 142, 361 N.W.2d 660 (1985). In other words, on appeal Faude must show that there was no substantial evidence to support WERC's ultimate factual finding of Clark County's motivation for the firing. As a result of WERC's factual finding that Clark County did not have an improper motive in its decision to terminate Faude's employment, Faude did not meet her burden under a mixed motive test. Even though WERC found Faude's conduct as a steward was protected activity, Faude did not convince WERC that Clark County was hostile to her protected activity when it ended her employment.
¶14 Faude also argues that WERC misinterpreted the examiner's prehearing order that limited the scope of Faude's prohibited practices complaint, and any evidence that she would present in support of her complaint, to her status as union steward. After Clark County had filed a motion to make the complaint more definite and certain, Faude had responded that she met with management representatives as a union steward regarding employee issues, and that her employment was not terminated until she informed the County Board of problems at the Health Care Center. Later, Faude informed the examiner that her meeting with a County Board subcommittee was not a protected activity at issue.
¶15 In reliance on Faude's letter, Clark County withdrew its motion for clarification of the complaint. It submitted a proposed order limiting Faude's complaint, and any evidence that she would present in support, to her status as union steward. Subsequently, the examiner asked Faude to clarify whether her alleged concerted activity meant her status as union steward, her meeting with the County Board (or a subcommittee of the County Board), or some other activity. The examiner explained that the proposed order would identify the issues to be addressed at the hearing, and that the testimony and evidence would be limited to those issues.
¶16 Faude then informed the examiner that her complaint was "about [her] role as a vocal and active union steward and the issues that lead up to [her] termination." She stated she regularly met with management representatives regarding employee complaints and issues, but that when she contacted County Board members, she was placed on administrative leave and her employment was terminated. She again acknowledged, however, that a meeting she had with the County Board was not the protected concerted activity about which she complained.
¶17 The examiner signed Clark County's proposed order limiting Faude's complaint, and any evidence that she would present in support of the complaint, to her status as a union steward. In its decision following the hearing, the examiner found that Faude had engaged in protected concerted activity when she communicated employee concerns, and the examiner further found that Clark County terminated Faude's employment in part because of her protected concerted activity, and in part because of legitimate bases. After consulting with the examiner regarding witness demeanor and credibility, WERC set aside the examiner's decision and order, and issued its own decision. WERC found that Clark County terminated Faude's employment solely because she engaged in workplace misconduct, and not because of any hostility toward Faude's protected concerted activity as a union steward.
¶18 On appeal, Faude argues that "[h]ad an attorney represented Faude during the hearing before Examiner [Lauri] Millot, the Court can be quite certain there would be no prehearing order supposedly limiting Faude's claims." According to Faude, "The disputed meaning of that order is what decided her case before WERC and the circuit court." Faude appears to argue that WERC construed the examiner's prehearing order as excluding Faude's meetings with Health Care Center management representatives as a union steward from the protected concerted activity she alleged in her complaint. Faude claims that Clark County's termination letter to her is evidence of "obvious prohibited practices under WIS. STAT . § 111.70(3)(a)1. and 3." Specifically, she claims that the fourth and fifth bullet points in the termination letter equate with WERC's Finding of Fact No. 2, which reads: "For at least three years prior to her termination, Rebecca J. Faude and fellow employee Bernard Rusch met with Health Care Center management representatives as union stewards to present and discuss employee workplace concerns." However, as explained previously, WERC then found that when Clark County terminated Faude's employment, it did not act out of any hostility toward that activity. WERC instead attributed the cause to Faude's workplace misconduct. Thus, while WERC acknowledged that Faude engaged in protected concerted activity, it reasonably found that Clark County did not act out of hostility toward her union steward status when it ended her employment.
¶19 Faude also claims WERC erred by failing to explain the basis of its variance with the examiner's order. See WIS. STAT . § 227.46(2). The rule in Wisconsin is that where WERC differs with the hearing examiner regarding findings of fact based on an appraisal of the credibility of the witnesses, it must (1) consult the record with the examiner to glean his or her impressions of the credibility of witnesses, and (2) include an explanation for its disagreement with the examiner in a memorandum opinion. When WERC overturns the examiner's findings, it must consult the examiner concerning the demeanor and credibility of the witnesses, and also must provide a memorandum opinion explaining the basis of its disagreement with the examiner. See WIS. STAT . § 227.46(2) ; Hamilton v. DILHR , 94 Wis. 2d 611, 621, 288 N.W.2d 857 (1980). Both happened here.
¶20 The requirement under WIS. STAT . § 227.46(2) that WERC's decision "shall include an explanation of the basis for each variance" clearly applies only to a variance from the examiner's proposed merits decision concerning findings of fact based on the credibility of witnesses. See Carley Ford, Lincoln, Mercury, Inc. v. Bosquette , 72 Wis. 2d 569, 575, 241 N.W.2d 596 (1976.) As mentioned, WERC consulted with the examiner regarding witness demeanor and credibility. While minimally sufficient, WERC provided a memorandum opinion explaining the basis of its disagreement with the examiner.
¶21 Regardless of the sufficiency of WERC's explanation for its disagreement with the examiner's findings, there was no reason for WERC to explain in its memorandum opinion a variance from the examiner's prehearing order because WERC did not vary from the examiner's prehearing order in reaching its decision. WERC noted that "[i]n subsequent communications with Examiner Millot, Faude limited the scope of her complaint to exclude any retaliation that may have occurred due to her contact with / appearance before the Clark County Board regarding employee workplace issues." Consistent with that limitation, the examiner notified the parties that while the prehearing order specifically negated Faude's meeting with the County Board as a protected concerted activity raised by Faude's complaint, her activities leading up to the meeting-including listening to employees and meeting with Health Care Center management representatives-were part of her protected concerted activities as a union steward.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

It is a prohibited practice to discharge a municipal employee because he or she engaged in lawful concerted activities for mutual aid or protection. See Wis. Stat . § 111.70(2) and (3)(a)1. and 3. (2017-18).
All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

We have also considered Faude's argument that the County's extensive pretermination investigation and use of legal counsel are indicative of illegal hostility. WERC did not find the argument persuasive and instead concluded that the County was being more cautious than usual in anticipation of the litigation that the termination ultimately produced. The record supports WERC's determination in that regard.