COURT OF APPEALS
DECISION
DATED AND FILED

July 3, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP1179**

Cir. Ct. No. **2017CV2366**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

---

KAREN ROSNECK,

PETITIONER-APPELLANT,

V.

LABOR & INDUSTRY REVIEW COMMISSION,

RESPONDENT-RESPONDENT.

---

APPEAL from an order of the circuit court for Dane County: FRANK D. REMINGTON, Judge. *Affirmed*.

Before Lundsten, P.J., Kloppenburg and Fitzpatrick, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Karen Rosneck appeals a circuit court order affirming a decision by the Labor and Industry Review Commission (LIRC) which dismissed Rosneck's employment discrimination complaint in favor of her employer, the University of Wisconsin-Madison General Library System (UW). Because substantial evidence supports LIRC's findings, we affirm.

¶2 Rosneck was born in 1956 and is employed by UW as a paraprofessional Library Services Assistant-Advanced (LSA-Advanced). In 2010 and 2011, the State undertook a general reallocation survey for LSA positions like Rosneck's. While the survey was underway, Rosneck asked a UW administrator if there was anything else she could do to obtain a professional title and was informed about the reclassification process. In January 2011, after meeting to discuss the process with several UW employees, including administrator Nancy Graff-Schultz, Rosneck submitted a request to reclassify her job to librarian, a professional position. Graff-Schultz audited Rosneck's current position by conducting interviews and gathering information to compare the LSA specifications to the librarian specifications. In August 2011, Graff-Schultz issued a decision determining that Rosneck was correctly classified in her current position as a paraprofessional LSA-Advanced because the majority of her work fit that description.[1]

¶3 Rosneck filed a complaint under the Wisconsin Fair Employment Act (WFEA) alleging unlawful discrimination based on her age, sex, and prior discrimination complaints. The WFEA prohibits employment discrimination

---

[1] Upon completion of the State's separate reallocation survey, Rosneck's job title remained paraprofessional.

based on age or sex, among other characteristics. WIS. STAT. § 111.322(1) (2017-18)[2]; *see also* WIS. STAT. § 111.321 (listing protected statuses). It also prohibits taking adverse action against an employee because she complained about that discrimination. Sec. 111.322(3).

¶4      The Department of Workforce Development's Equal Rights Division dismissed Rosneck's claims for lack of probable cause and LIRC modified but affirmed the decision. LIRC emphasized that the only issues properly before it were: (1) whether Rosneck's "age, sex, or the fact that she filed previous discrimination complaints were factors in [UW's reclassification] decision"; and (2) whether Rosneck was harassed by her supervisor "based upon her sex, age, and in retaliation for having filed prior discrimination complaints." Rosneck sought judicial review and the circuit court affirmed. Rosneck appeals.

¶5      Rosneck maintains that she is misclassified as a paraprofessional LSA due to unlawful discrimination. On appeal, this court reviews the decision of LIRC and not that of the circuit court. *Stoughton Trailers, Inc. v. LIRC*, 2007 WI 105, ¶26, 303 Wis. 2d 514, 735 N.W.2d 477. LIRC's findings of fact are conclusive on appeal as long as they are supported by credible and substantial evidence. *Michels Pipeline Constr., Inc. v. LIRC*, 197 Wis. 2d 927, 931, 541 N.W.2d 241 (Ct. App. 1995). "Substantial evidence is less of a burden than preponderance of the evidence in that any reasonable view of the evidence is sufficient." *Bernhardt v. LIRC*, 207 Wis. 2d 292, 298, 558 N.W.2d 874 (Ct. App. 1996).

---

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶6     Substantial evidence supports LIRC's finding that "[t]here is no reason to believe that [UW] delayed or denied Rosneck's reclassification request because of her sex, age, or because she filed previous or current discrimination complaints…." *See **Currie v. DILHR, Equal Rights Div.**,* 210 Wis. 2d 380, 386, 565 N.W.2d 253 (Ct. App. 1997) ("An employer's motivation is a factual determination."). LIRC credited the testimony of Graff-Schultz, who provided a detailed explanation of the reclassification audit process and the reasons underlying the determination that Rosneck was classified correctly as a paraprofessional LSA. LIRC also credited Graff-Schultz's testimony that age, sex, or retaliation for prior complaints had nothing to do with the reclassification decision.

¶7     In support of her discrimination claim, Rosneck pointed to a male employee who was reclassified from LSA-Senior to LSA-Advanced quickly and without having made a specific request to UW.[3] Here again, substantial evidence supports LIRC's finding of no discriminatory intent. Graff-Schultz testified that in reviewing position descriptions for the State's reallocation survey, she observed that the male was assigned the wrong title. Upon inquiry, she was told to complete the male's reclassification as soon as possible so that it could be reviewed as part of the survey. It took less time than Rosneck's request because it was simple. The male was merely moving between two paraprofessional titles within the same series, not, as Rosneck requested, to a wholly separate professional librarian classification. LIRC credited Graff-Schultz's testimony

---

[3] Because the male is older than Rosneck, LIRC addressed the claim as one involving discrimination on the basis of sex.

4

which provided a wholly nondiscriminatory reason for the difference in process and result.

¶8    Similarly, there is no evidence that Graff-Schultz's classification decision was made in retaliation for Rosneck's prior discrimination complaints against UW.  As explained in LIRC's decision, Rosneck failed to demonstrate that the relevant decision makers were even aware that Rosneck filed WFEA claims in 2002 and 2003.  To the extent Rosneck might have taken action to commence the instant discrimination complaint while her reclassification decision was pending, the record does not establish that the decision makers knew anything about this until after the August 2011 decision denying reclassification.

¶9    Rosneck argues that LIRC should have considered a host of historical events because UW's "ongoing refusal to correct her position's misclassification reflects a pattern of discrimination" going back to a "successful 1995 hearing."  She points to a 2002 complaint, the subject of a prior unrelated appeal in which we affirmed LIRC.  *Rosneck v. State*, No. 2007AP497, unpublished slip op. (WI App Jan. 10, 2008).  This court's 2008 decision affirming LIRC is not helpful to Rosneck and in any event, matters addressed in that appeal are outside the scope of this one.  Further, we agree with LIRC that to the extent Rosneck refers to hiring events occurring in 1995, 1996, and 2001, these involved a different set of decision makers and are too remote in time to constitute evidence of an intent to discriminate with respect to her 2011 reclassification request.

¶10   Rosneck also maintains that her supervisor, William Byrne, harassed her based upon her sex and age and in retaliation for her prior discrimination complaints.  The record contains no evidence showing that Byrne, who became

Rosneck's supervisor in 2005, was aware of Rosneck's earlier 2002 and 2003 complaints, and the majority of the alleged harassing behavior occurred prior to Rosneck's most recent discrimination complaint. Further, LIRC credited Byrne's testimony that age, sex, or retaliation had nothing to do with his actions. Additionally, LIRC found that Rosneck did not prove that those LSA employees not engaging in statutorily protected activity were treated more favorably than Rosneck with respect to "letters of expectation, written reprimands, poor performance evaluations and/or any of the other 'harassment' alleged." As with Graff-Schultz, Rosneck did not present any specific evidence of discrimination, instead asking LIRC to infer unlawful intent based solely on the existence of adverse circumstances, whether an unfavorable classification decision by Graff-Schultz or disciplinary action by Byrne.

¶11 Rosneck argues that "Byrne's complaints of unauthorized 'talking' began after she submitted her reclass request in Jan. 2001." As addressed by LIRC, a reclassification request is not the same thing as a discrimination complaint and is not protected behavior giving rise to a claim under the WFEA. A WFEA claim must be grounded in specific types of discrimination based on protected characteristics. *See* WIS. STAT. §§ 111.321-22.

¶12 In sum, ample evidence supported LIRC's findings. Rosneck's arguments to the contrary fail to account for the deferential standard of review. We cannot, as she requests, engage in a "weighing [of] all the evidence, not just the employer's remarks and testimony." Our role on appeal is to search the record for evidence supporting LIRC's factual determinations, not to search for evidence against them. *See* ***Vande Zande v. DILHR***, 70 Wis. 2d 1086, 1097, 236 N.W.2d 255 (1975).

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.