John MOORE, Jr., Petitioner-Appellant,†

v.

LABOR & INDUSTRY REVIEW COMMISSION and American Family Insurance Company, Respondents-Respondents.

Court of Appeals

*No. 92–2127. Submitted on briefs March 8, 1993.—Decided March 30, 1993.*

(Also reported in 499 N.W.2d 289.)

† Petition to review denied.

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *John Moore, Jr.,* (pro se) of Madison.

On behalf of the respondent, American Family Mutual Insurance Company, the cause was submitted on the brief of *Jeffrey J. Kassel, Teresa M. Elguezabal* of *LaFollette & Sinykin* of Madison.

On behalf of the respondent, Labor and Industry Review Commission, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *David C. Rice,* assistant attorney general.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE P.J. John Moore appeals a circuit court order dismissing his petition for review of the Labor and Industry Review Commission's order. The commission's order affirmed the administrative law judge's (ALJ) dismissal of Moore's complaint on res judicata grounds. Because we adopt the same standard applied by the federal courts when determining whether Moore was an "employee" of American Family Mutual Insurance Company under Title VII of the Civil Rights Act of 1964, the federal court's adverse determination of this issue precludes Moore's claim that he is an "employee" under the Wisconsin Fair Employment Act. Therefore, Moore has no claim under the WFEA, and we affirm the circuit court's order.

On January 28, 1987, Moore filed a charge of employment discrimination with the United States Equal Employment Opportunity Commission (EEOC). The next day, the complaint was cross-filed with the

Equal Rights Division (ERD) of the Wisconsin Department of Industry, Labor and Human Relations.

The ERD stayed the state investigation of Moore's complaint while the EEOC investigated. The EEOC dismissed the charge and issued a right-to-sue letter on June 27, 1989. Moore then filed suit in federal court.

The ERD investigator initially found no probable cause to believe American Family had violated the WFEA and dismissed the complaint. Moore appealed, and the case was assigned for a hearing on probable cause before an ALJ. The hearing was postponed pending the federal court case.

The federal district court entered summary judgment dismissing Moore's Title VII action because he was not an employee of American Family, but rather an independent contractor. The seventh circuit affirmed the summary judgment.

Following the district court's dismissal of the Title VII claim, American Family moved to dismiss Moore's state administrative proceedings on the basis of res judicata. The ALJ granted this motion, and the commission affirmed the ALJ. Moore then petitioned the circuit court for review of LIRC's dismissal which was denied, and he then filed this appeal.

I. Preclusive Effect of Federal Judgment

Whether the related doctrines of res judicata and collateral estoppel preclude Moore's WFEA claim is a question of law that we review de novo. *See Desotelle v. Continental Cas. Co.*, 136 Wis. 2d 13, 21, 400 N.W.2d 524, 526 (Ct. App. 1986).

Recently, in *Michelle T. v. Crozier*, 173 Wis. 2d 681, 495 N.W.2d 327 (1993), before sanctioning the offensive

use of collateral estoppel, our supreme court explained the two related doctrines of res judicata and collateral estoppel. Under the doctrine of res judicata, a judgment "on the merits" in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, such a judgment precludes relitigation of issues actually litigated and determined in the prior suit, regardless of whether it was based on the same cause of action as the second suit. *Id.*, at 694 n.13. Because we determine that the doctrine of collateral estoppel precludes Moore from asserting that he is an "employee" under the WFEA, we need not determine whether the federal judgment denying Moore's claim is res judicata as to his WFEA claim.[1]

■

Our supreme court in *State ex rel. Flowers v. DHSS*, 81 Wis. 2d 376, 387, 260 N.W.2d 727, 734 (1978), stated that collateral estoppel applies where the matter raised in the second suit is identical in all respects to that decided in the first proceeding and where the controlling facts and applicable legal rules remain unchanged. Here, the controlling facts remain unchanged, and the applicable legal rules are unchanged if the meaning of employee under the WFEA is identical to its meaning under Title VII.

■

The *Crozier* court noted that attempts to invoke collateral estoppel have historically been conditioned by requirements designed to protect against unfairly disadvantaging parties. *Id.*, slip op. at ————. In determining whether to invoke collateral estoppel, the court may

---

[1] For a discussion on the doctrine of res judicata in a similar situation, *see Parks v. City of Madison*, 171 Wis. 2d 730, 492 N.W.2d 365 (Ct. App. 1992).

consider some or all of the following factors: (1) Could the party against whom preclusion is sought, as a matter of law, have obtained review of the judgment; (2) is the question one of law that involves two distinct claims or intervening contextual shifts in the law; (3) do significant differences in the quality or extensiveness of the proceedings between the two courts warrant relitigation of the issue; (4) have the burdens of persuasion shifted such that the party seeking preclusion had a lower burden of persuasion in the first trial than in the second; or (5) are matters of public policy and individual circumstances involved that would render the application of the doctrine to be fundamentally unfair? *Id.*, slip op. at ——.

Here, these factors favor invocation of collateral estoppel. Moore was able to obtain review of the federal district court's judgment. There is not a significant difference between the quality and extensiveness of the two proceedings. The burdens of persuasion are essentially the same. Moreover, application of the doctrine here is not fundamentally unfair. In fact, this situation is precisely appropriate for collateral estoppel. Thus, if the meaning of "employee" under the WFEA is identical to its meaning under Title VII, then collateral estoppel should apply to bar Moore from asserting that he is an employee under the WFEA.

## II. "Employee" under Title VII

Title VII defines an "employee" simply as "an individual employed by an employer." 42 U.S.C.A. § 2000e(f) (West 1981). Title VII does not expressly exclude independent contractors from the definition of "employee."

To determine whether one seeking the protection of Title VII is an employee, the federal district and appel-

late courts applied a test that first appeared in *Spirides v. Reinhardt,* 613 F.2d 826 (D.C. Cir. 1979). The *Spirides* court wrote:

> [D]etermination of whether an individual is an employee or an independent contractor for purposes of [Title VII] involves . . . analysis of the "economic realities" of the work relationship. . . . Consideration of all of the circumstances surrounding the work relationship is essential, and no one factor is determinative. Nevertheless, the extent of the employer's right to control the "means and manner" of the worker's performance is the most important factor to review here . . ..
>
> Additional matters of fact that an agency or reviewing court must consider include, among others, (1) the kind of occupation, with reference to whether the work usually is done under the direction of a supervisor or is done by a specialist without supervision; (2) the skill required in the particular occupation; (3) whether the "employer" or the individual in question furnishes the equipment used and the place of work; (4) the length of time during which the individual has worked; (5) the method of payment, whether by time or by the job; (6) the manner in which the work relationship is terminated . . .; (7) whether annual leave is afforded; (8) whether the work is an integral part of the business of the "employer"; (9) whether the worker accumulates retirement benefits; (10) whether the "employer" pays social security taxes; and (11) the intention of the parties.

*Id.* at 831-32. This test, which we will call the *Spirides* test, has come to be known by some courts as the "economic realities" test, *Broussard v. L.H. Bossier, Inc.,* 789 F.2d 1158, 1160 (5th Cir. 1986), and by others as the "hybrid test." *Oestman v. National Farmers Union Ins.*

569

*Co.*, 958 F.2d 303, 305 (10th Cir. 1992).[2] Using the *Spirides* test, the federal courts determined that Moore was not an employee of American Family.

### III. "Employee" under WFEA

■

The WFEA defines "employee" only as excluding "any individual employed by his or her parents, spouse or child." There are no reported Wisconsin court decisions addressing whether independent contractors are covered by the WFEA. As a general principle, Wisconsin courts look to federal decisions interpreting Title VII for guidance in applying the state employment law. *Anderson v. LIRC*, 111 Wis. 2d 245, 254, 330 N.W.2d 594, 598 (1983); *Bucyrus-Erie Co. v. DILHR*, 90 Wis. 2d 408, 421 n.6, 280 N.W.2d 142, 149 n.6 (1979). However, in *Goodyear Tire & Rubber Co. v. DILHR*, 87 Wis. 2d 56, 65, 273 N.W.2d 786, 791 (Ct. App. 1978), we held that Wisconsin courts must construe Wisconsin statutes as it is believed the Wisconsin legislature intended, regardless of how Congress may have intended comparable statutes.

There are three prevailing "tests" utilized by courts to determine whether an individual is an employee. One is the *Spirides* test used by the federal court. Another is known as the common-law "right to control" test. Under this test, if the alleged employer had the right to determine not only what work should be done but also how it should be done, then the worker was deemed to be an employee. *E.E.O.C. v. Zippo Mfg. Co.*, 713 F.2d 32, 36

---

[2] Those courts that refer to the *Spirides* test as the "hybrid" test view the "economic realities" test as a test whose central question asks: Is this worker, as a matter of economic fact, in business for himself? *Oestman*, 958 F.2d at 305. This test is most often applied to cases arising under the Fair Labor Standards Act. *Id.*

(3d Cir. 1983). A third asks, "Is this worker, as a matter of economic fact, in business for himself?" If so, then he or she is not an employee. *See Oestman,* 958 F.2d at 305; *supra* note 1.

The language and legislative history of the WFEA do not favor one of these tests over the others. However, the *Spirides* test allows the deciding court to look to the widest variety of factors and is the broadest of the three tests. Furthermore, because we have no substantive reason to break with the federal courts on this issue, judicial efficiency implores us to use the same test as the federal courts. We feel that the *Spirides* test utilized by the federal courts is the most compelling, and we adopt it as the test for an "employee" under the WFEA.

Because the WFEA and Title VII use the same standard in determining whether a person is an employee, the federal district court's determination that Moore was not an "employe" of American Family precludes him from arguing otherwise in this action. Therefore, the trial court properly dismissed Moore's petition for review of the commission's order.

*By the Court.*—Order affirmed.