Joyce ALDRICH, Petitioner-Respondent,

v.

LABOR AND INDUSTRY REVIEW COMMISSION,
Respondent-Appellant.

Court of Appeals

*No. 2007AP2026. Submitted on briefs January 15, 2008.
—Decided March 18, 2008.*

2008 WI App 63

(Also reported in 751 N.W.2d 866.)

796

On behalf of the respondent-appellant, the cause was submitted on the briefs of *David C. Rice*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Peter M. Reinhardt* of *Bakke Norman, S.C.* of Menomonie.

Before Hoover, P.J., Peterson and Brunner, JJ.

¶ 1. BRUNNER, J. The Labor and Industry Review Commission (Commission) appeals an order of the circuit court reversing a Commission decision that dismissed Joyce Aldrich's Wisconsin Fair Employment Act (WFEA) claims against Best Buy, Inc. The circuit court concluded the Commission erred when determining that Aldrich's claims were barred by the doctrine of claim preclusion. We agree that Aldrich's claims are not barred by the doctrine of claim preclusion, and we affirm the circuit court's order.

## BACKGROUND

¶ 2. In March 2003, Aldrich was demoted in her employment at Best Buy. She subsequently resigned. In February 2004, Aldrich filed charges with the United States Equal Employment Opportunity Commission (EEOC), as well as the Equal Rights Division of the Wisconsin Department of Workforce Development, alleging sex and age discrimination by Best Buy. The EEOC and Equal Rights Division have a work-sharing arrangement whereby the first agency to receive a claim processes it first. Here, the EEOC proceeded first and dismissed Aldrich's claims in January 2005.

¶ 3. In April 2005, Aldrich filed an action in federal court, asserting sex and age discrimination under federal law, as well as constructive discharge. Best Buy moved for summary judgment,, which the federal court granted, concluding that Aldrich's claims were barred because she failed to file her EEOC charge

within 300 days of the alleged discrimination. The court also concluded her constructive discharge claim was barred because she failed to exhaust her administrative remedies by not raising the constructive discharge claim in her EEOC charge.

¶ 4. The Wisconsin Equal Rights Division apparently stopped processing Aldrich's claims during the federal suit. Once the federal action was concluded, Aldrich requested that the Equal Rights Division recommence investigating her claims. In June 2006, the Equal Rights Division concluded that there was probable cause to believe that Best Buy discriminated against Aldrich in violation of the Wisconsin Fair Employment Act, and a hearing was scheduled before an administrative law judge. Best Buy moved to dismiss Aldrich's claims, asserting they were barred by the doctrine of claim preclusion. The administrative law judge granted Best Buy's motion, concluding the elements of claim preclusion were satisfied based on the federal court litigation. The Commission reviewed and affirmed the ALJ's decision. On certiorari review, the circuit court reversed the Commission decision, concluding the doctrine of claim preclusion did not apply.

## DISCUSSION

¶ 5. We review the decision of the Commission rather than the circuit court. *See Currie v. DILHR,* 210 Wis. 2d 380, 386, 565 N.W.2d 253 (Ct. App. 1997). Although we ordinarily review questions of law de novo, we often give agency decisions increasing degrees of deference, from due weight to great weight, corresponding with the agency's expertise. *Kannenberg v. LIRC,* 213 Wis. 2d 373, 384–85, 571 N.W.2d 165 (Ct. App.

1997). However, we need not determine what level of deference might be appropriate here because the result would be the same regardless.

¶ 6. Under the doctrine of claim preclusion, a final judgment is conclusive in all subsequent actions between the same parties or their privies regarding all matters that were litigated, or that might have been litigated, in the initial action. *Northern States Power Co. v. Bugher,* 189 Wis. 2d 541, 550, 525 N.W.2d 723 (1995). Claim preclusion has three elements: "(1) an identity between the parties or their privies in the prior and present suits; (2) an identity between the causes of action in the two suits; and, (3) a final judgment on the merits in a court of competent jurisdiction." *Id.* at 551. Claim preclusion is " 'designed to draw a line between the meritorious claim on the one hand and the vexatious, repetitious and needless claim on the other hand.' " *Id.* at 550 (quoting *Purter v. Heckler,* 771 F.2d 682, 689–90 (3d Cir. 1985)).

¶ 7. In *Parks v. City of Madison,* 171 Wis. 2d 730, 738, 492 N.W.2d 365 (Ct. App. 1992), we recognized an exception to the doctrine of claim preclusion. We held that when a federal court declines jurisdiction over state claims, or would clearly have declined jurisdiction had they been asserted, a later action on the state claims in state court is not barred by the doctrine of claim preclusion. *Id.* at 738–39. This exception was derived from the RESTATEMENT (SECOND) OF JUDGMENTS § 25 cmt. e (1982), which states:

> *State and federal theories or grounds.* A given claim may find support in theories or grounds arising from both state and federal law. When the plaintiff brings an action on the claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advanc-

ing both theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground. If however, the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground (or, having jurisdiction, would clearly have declined to exercise it as a matter of discretion), then a second action in a competent court presenting the omitted theory or ground should be held not precluded.

*See Parks*, 171 Wis. 2d at 736.

¶ 8. The *Parks* decision rested upon the proposition that claim preclusion does not apply where a federal court declines, or clearly would have declined, jurisdiction over state law claims. However, we rely upon the proposition that claim preclusion does not apply when the federal court would have no jurisdiction to entertain the state law claims.

¶ 9. The exclusive means of asserting a WFEA claim is through the Department of Workforce Development's Equal Rights Division. *See Waid v. Merrill Area Pub. Schs.*, 91 F.3d 857, 866 (7th Cir. 1996) (citing *Bachand v. Connecticut Gen. Life Ins. Co.*, 101 Wis. 2d 617, 624, 305 N.W.2d 149 (Ct. App. 1981)) ("Wisconsin courts have held that the Fair Employment Act does not create a private right of action in court and that all claims under it must be brought with the Equal Rights Division or not at all"). A plaintiff cannot assert a WFEA claim in federal court. *Waid*, 91 F.3d at 866.

¶ 10. Thus, we conclude that Aldrich's WFEA claims are not barred by the doctrine of claim preclusion because, had she raised them in federal court, the

court would not have had jurisdiction to consider them. *See id.* As explained in the RESTATEMENT (SECOND) OF JUDGMENTS § 26 cmt. c (1982):

> The general rule of [claim preclusion] is largely predicated on the assumption that the jurisdiction in which the first judgment was rendered was one which put no formal barriers in the way of a litigant's presenting to a court in one action the entire claim including any theories of recovery or demands for relief that might have been available to him under applicable law. When such formal barriers in fact existed and were operative against a plaintiff in the first action, it is unfair to preclude him from a second action in which he can present those phases of the claim which he was disabled from presenting in the first.

Because Aldrich could not have litigated her WFEA claims in federal court, the doctrine of claim preclusion does not prevent her from doing so before the Equal Rights Division.

¶ 11. The Commission does not attempt to distinguish *Parks*. Instead, it relies upon other cases, implying that they contradict *Parks*. First, the Commission relies upon *Schaeffer v. State Personnel Commission*, 150 Wis. 2d 132, 441 N.W.2d 292 (Ct. App. 1989). In *Schaeffer*, we rejected arguments that an agency erred when determining that state discrimination claims were barred by the doctrine of claim preclusion because of a federal court judgment. *Id.* at 140–43. However, we were not presented with, and we did not consider, the exception later applied in *Parks*.

¶ 12. The Commission also relies upon *Moore v. LIRC*, 175 Wis. 2d 561, 499 N.W.2d 288 (Ct. App. 1993). In *Moore*, we expressly declined to address the issue of claim preclusion. *See id.* at 567. Instead, we concluded that, because the meaning of the term "employee" was

the same under applicable federal and state discrimination statutes, the doctrine of *issue* preclusion prevented re-litigating the issue after a federal court determined the plaintiff was not an employee under federal law. *Id.* at 567, 571.

¶ 13. Relying upon *Schaeffer* and *Moore*, the Commission argues that "when the federal law claim is similar in all respects to the state WFEA claim, and the federal court orders dismissal of the federal law claim, such federal court order should preclude re-litigation of the state WFEA claim."[1] The Commission further contends that failing to apply claim preclusion in this context will permit "vexatious and repetitive" litigation because plaintiffs will be able to fully litigate their claims in both state and federal forums.

¶ 14. We reject the argument that failing to apply the doctrine of claim preclusion will necessarily open the floodgates to re-litigation of identical federal and state employment discrimination claims. Where appropriate, the doctrine of *issue* preclusion will prevent re-litigation of identical issues decided in federal court. *See Moore*, 175 Wis. 2d at 571. The Commission seeks to use the scope of *claim* preclusion to avoid the limitations of *issue* preclusion. *See Northern States Power*, 189 Wis. 2d at 550–51 (issue preclusion is a narrower doctrine than claim preclusion, applying only to issues that have actually been litigated and decided in a prior

---

[1] We note that while the federal judgment may have been a "judgment on the merits," it was not an adjudication of any substantive claim. The federal court's decision rested upon a procedural basis, where the procedural requirements are arguably different under state law. If the procedural requirements are different, Aldrich's claims might independently survive under Wisconsin law.

action). Claim preclusion is designed to prevent litigation of matters that were, or could have been, litigated in a prior proceeding. *Id.* at 550. Because Aldrich could not bring her WFEA claims in the prior federal action, the doctrine of claim preclusion is not applicable to her claims before the Equal Rights Division.

*By the Court.*—Order affirmed.