Joyce ALDRICH, Petitioner-Respondent,†

v.

LABOR AND INDUSTRY REVIEW COMMISSION,
Respondent-Co-Appellant,

BEST BUY STORES, L.P., Respondent-Appellant.

Court of Appeals

*No. 2010AP1785. Submitted on briefs March 16, 2011.
—Decided May 18, 2011.*

2011 WI App 94

(Also reported in 801 N.W.2d 457.)

† Petition for Review filed.

On behalf of the respondent-appellant, Best Buy Stores, L.P., the cause was submitted on the briefs of

*Amy Schmidt Jones* of *Michael, Best & Friedrich LLP*, Milwaukee and *Scott C. Baumbach* of *Michael, Best & Friedrich LLP*, Madison.

On behalf of the respondent-co-appellant, Labor and Industry Review Commission, the cause was submitted on the briefs of *David C. Rice*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

On behalf of the petitioner-respondent, *Joyce Aldrich*, the cause was submitted on the brief of *Peter M. Reinhardt* of *Bakke Norman, S.C.*, Menomonie.

Before Brown, C.J., Neubauer, P.J., and Anderson, J.

¶ 1. NEUBAUER, P.J. The Labor and Industry Review Commission and Best Buy Stores, L.P., appeal from a circuit court order vacating a Commission decision that dismissed as untimely Joyce Aldrich's Wisconsin Fair Employment Act (WFEA) claim. We uphold the Commission's determination. Aldrich initiated her discrimination claims with the United States Equal Employment Opportunity Commission (EEOC); however, she failed to file the discrimination charge within the statutorily required 300 days of her challenged demotion. The Commission determined that the date on which Aldrich's charge was filed with the EEOC also determined the date of the filing of her complaint with the Wisconsin Equal Rights Division. Consequently, her complaint, which was not received by the Wisconsin Equal Rights Division within 300 days of the alleged discrimination, was also untimely. The Commission further determined that any constructive discharge claim made by Aldrich was not timely filed because the claim was not included in her EEOC filing. The Commission's determination that Aldrich's claims are time-barred is

not unreasonable. We therefore reverse the circuit court's order and remand with directions to reinstate the Commission's decision.

## Applicable Law

¶ 2. An individual who believes he or she has been subjected to workplace discrimination may file a complaint with the EEOC under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and/or the Equal Rights Division (ERD) of the Wisconsin Department of Workforce Development under the Wisconsin fair employment law, WIS. STAT. §§ 111.31–111.39 (2009–10).[1] Federal law imposes a 300–day time limit on discrimination claims made with the EEOC. 42 U.S.C. § 2000e-5(e)(1). The WFEA permits the department's receipt and investigation of complaints charging discrimination "if the complaint is filed with the department no more than 300 days after the alleged discrimination." WIS. STAT. § 111.39(1). "Filing," for purposes of the WFEA, means "the physical receipt of a document" by the ERD. WIS. ADMIN. CODE § DWD 218.02(6) (Nov. 2006).

¶ 3. Pursuant to a Worksharing Agreement between the EEOC and the ERD, a complainant may cross-file his or her discrimination claim by filing with one agency, state or federal. The agency first receiving the complaint then transmits it to the other and proceeds with the investigation. For purposes of the WFEA, WIS. ADMIN. CODE § DWD 218.03(5) (Nov. 2006) governs the "[d]ate of filing of complaint deferred by another agency." It provides: "A complaint which is deferred to the department by a federal or local employment oppor-

---

[1] All references to the Wisconsin Statutes are to the 2009–10 version unless otherwise noted.

tunity agency with which the department has a work-sharing agreement complies with the requirements of sub. (3) [governing form and content] *and is considered filed when received by the federal or local agency." Id.* (emphasis added).

## Background

¶ 4. In March 2003, Aldrich was demoted in her employment at Best Buy. That month, Aldrich contacted the EEOC in Milwaukee, inquired about filing a discrimination claim, and subsequently submitted to the EEOC a signed Charge Questionnaire on August 27, 2003. Aldrich understood that her claim was filed as of the date the questionnaire was received by the EEOC. However, the Commission record contains correspondence to Aldrich from the EEOC dated August 29, 2003, in which the EEOC investigator informs Aldrich: "It is necessary that I speak with you to obtain all the information that I need to draft your charge. Therefore, I am requesting that you contact me within five (5) days of your receipt of this letter." Aldrich averred that she contacted the investigator immediately, discussed the questionnaire, and clarified certain answers. According to Aldrich, she contacted the investigator at least two more times during the fall of 2003 and then, after her case had been transferred, had additional contact with a newly-assigned investigator in December 2003 or January 2004. Aldrich resigned from her position at Best Buy in January 2004. Aldrich submitted supplemental information regarding her resignation to the EEOC in January 2004.

¶ 5. Aldrich signed a Charge of Discrimination on February 4, 2004, alleging sex and age discrimination by Best Buy. Her charge was then filed with the EEOC, as well as the ERD. The EEOC and ERD have a

work-sharing arrangement whereby the first agency to receive a claim processes it first. Here, the EEOC transmitted the charge to the ERD on February 17, 2004, and the ERD received the charge on February 18, 2004. Accompanying the EEOC's transmittal was the following: "Transmitted herewith is a charge of employment discrimination initially received by the: EEOC on Feb 10, 2004 (Date of Receipt)." The EEOC proceeded with its investigation first and dismissed Aldrich's claims in January 2005.

¶ 6. Aldrich then filed an action in federal court, alleging sex and age discrimination under federal law, as well as constructive discharge. The federal court granted summary judgment to Best Buy based on its conclusion that Aldrich's claims were barred because she failed to file her EEOC charge within 300 days of the alleged discrimination. The court also found that the filed charge did not include a claim for constructive discharge and that she failed to timely amend to include such an allegation. The federal court held that although Aldrich filed a "charge questionnaire" with the EEOC in August 2003, she did not file a formal "charge" until February 10, 2004, because she had been notified in writing on August 29, 2003, that her charge would not be filed until she provided more information to the EEOC investigator. The court also found that Aldrich was not entitled to equitable tolling based on her allegation that she was told by an EEOC representative that when she filed her questionnaire her case would be filed. The court reasoned that the August 29, 2003 letter "corrected this misinformation and provided her with the opportunity to supply the information in order that a formal charge could be filed within the statute of limitations period." Aldrich did not appeal the federal court decision.

¶ 7. With the federal action dismissed, Aldrich requested that the Wisconsin ERD recommence its investigation of her claims. In June 2006, the ERD determined that there was probable cause to believe that Best Buy discriminated against Aldrich and a hearing was scheduled before an administrative law judge (ALJ). Best Buy moved to dismiss on grounds of claim preclusion, and the ALJ granted Best Buy's motion. The Commission affirmed the ALJ's decision; however, the circuit court reversed on certiorari review. This court affirmed the circuit court's decision, concluding: "Claim preclusion is designed to prevent litigation of matters that were, or could have been, litigated in a prior proceeding. Because Aldrich could not bring her WFEA claims in the prior federal action, the doctrine of claim preclusion is not applicable to her claims before the [ERD]." *Aldrich v. LIRC,* 2008 WI App 63, ¶ 14, 310 Wis. 2d 796, 751 N.W.2d 866 (citation omitted).

¶ 8. On remand, Best Buy again filed a motion to dismiss Aldrich's claims, this time on grounds that Aldrich's demotion claims were time-barred because her EEOC charge was found to be untimely by the federal court and therefore her complaint filed with the ERD was also untimely. Best Buy maintained that the timeliness of the charge under federal law, an issue fully litigated and disposed of in a federal court action, was barred by issue preclusion. Best Buy also contended that the charge did not include a constructive discharge claim and that any attempt to make such a claim now would violate the WFEA's statute of limitations. The ALJ granted Best Buy's motion on March 31, 2009, and that decision was then affirmed by the Commission on May 21, 2009. Aldrich petitioned for circuit court review of the Commission's determination and, on June 9, 2010, the circuit court vacated the Commission's decision. The Commission and Best Buy appeal.

## Discussion

*Standard of Review*

¶ 9. This case requires us to interpret statutes and regulations relating to the filing of a claim under the WFEA. The ultimate goal of statutory interpretation is to ascertain the intent of the legislature, and the first step of this process is to look at the language of the statute. *UFE Inc. v. LIRC*, 201 Wis. 2d 274, 281, 548 N.W.2d 57 (1996). If the plain meaning of the statute is clear, a court should simply apply the clear meaning of the statute to the facts before it. *Id.* at 281–82. "If, however, the statute is ambiguous, this court must look beyond the statute's language and examine the scope, history, context, subject matter and purpose of the statute." *Id.* at 282. If an administrative agency has been charged with the statute's enforcement, a court may also look to the agency's interpretation, and we do so here. *See id.*

¶ 10. On appeal, we review the Commission's decision, not the circuit court's. *Aldrich*, 310 Wis. 2d 796, ¶ 5. We afford the Commission's interpretation of the WFEA—its time limits and filing requirements—either great weight deference, due deference or no deference, depending on its expertise in addressing the issue presented. *See Stoughton Trailers, Inc. v. LIRC*, 2007 WI 105, ¶ 26, 303 Wis. 2d 514, 735 N.W.2d 477.

> An agency's interpretation of a statute is entitled to great weight deference when: (1) the agency was charged by the legislature with the duty of administering the statute;

(2) the interpretation of the agency is one of long-standing; (3) the agency employed its expertise or specialized knowledge in forming the interpretation; and (4) the agency's interpretation will provide uniformity in the application of the statute.

We grant an intermediate level of deference, due weight, "where an agency has some experience in the area, but has not developed any particular expertise in interpreting and applying the statute at hand" that would put the agency in a better position to interpret the statute than a reviewing court.

The deference allowed an administrative agency under due weight is not so much based upon its knowledge or skill as it is on the fact that the legislature has charged the agency with the enforcement of the statute in question. [Under the due weight standard] . . ., a court will not overturn a reasonable agency decision that comports with the purpose of the statute unless the court determines that there is a more reasonable interpretation available.

We apply de novo review when "there is no evidence that the agency has any special expertise or experience interpreting the statute[,] . . . the issue before the agency is clearly one of first impression, or . . . the agency's position on an issue has been so inconsistent so as to provide no real guidance."

*Id.*, ¶¶ 27–29 (citations omitted). Best Buy contends that the Commission's interpretation of the WFEA is entitled to great weight deference, and the Commission agrees. Aldrich argues that the issue is one of first impression and, thus, a de novo standard of review is appropriate. Having been charged by the legislature with administering the WFEA, *see* Wis. Stat. §§ 103.04(1) and 111.39(1); *Currie v. DILHR*, 210 Wis. 2d 380, 389, 565 N.W.2d 253 (Ct. App. 1997), we conclude that the

505

Commission's decision is entitled to at least due weight deference. Because our conclusion is the same whether we afford due weight deference or great weight deference, we need not address it further.[2] However, as to the application of issue preclusion, we agree with the Commission that we owe no deference to its determination; our review is de novo.

### The Timeliness of Aldrich's WFEA Complaint

¶ 11. When a complaint is deferred to the ERD by the EEOC, it is considered "filed" with the ERD when it is received by the deferring agency. *See* WIS. ADMIN. CODE § DWD 218.03(5). Here, the EEOC, and subsequently, the federal court, determined that the federal discrimination charge filed with the EEOC on February 10, 2004, was untimely—and that Aldrich's August 2003 questionnaire did not constitute a formal charge. Nevertheless, Aldrich seeks to relitigate that issue, contending, as she did before the Commission and the circuit court, that her complaint was timely filed under the WFEA when she filed her August 2003 intake questionnaire with the EEOC. She argues that WIS. ADMIN. CODE § DWD 218.03(3),[3] which governs the form and content of

---

[2] "While the difference between 'due' and 'great' deference is often elusive, it makes little difference in most cases, for in both instances the central question is whether the agency's decision is reasonable." *Jackson v. Employe Trust Funds Bd.*, 230 Wis. 2d 677, 686 n.3, 602 N.W.2d 543 (Ct. App. 1999). Under the due weight standard of deference, "we will sustain the agency's reasonable determination *unless* an opposing interpretation is more reasonable, while under the great-weight deference rule, the reasonableness of the agency's interpretation is the *only* question." *Id.*

[3] WISCONSIN ADMIN. CODE § DWD 218.03(3) provides:

complaints filed with the ERD, should now govern the issue of whether the federal charge, or her earlier filed questionnaire, should control. In essence, Aldrich argues that even though § DWD 218.03(5) provides that a deferred complaint is considered "filed" when it is received by the deferring agency, the appropriate analysis is whether her earlier questionnaire filed with the EEOC satisfied the "complaint" requirements of § DWD 218.03(3). Aldrich bases this analysis on the use of the word "complaint" in § DWD 218.03(5), arguing that it facially applies only to the date a "complaint" (analyzed independently under state law)—not a "charge"—is filed with the EEOC.

¶ 12. The Commission's decision, dated May 21, 2009, addressed the issues as follows:

> Aldrich argues that under the WFEA the statute of limitations is based upon when a "complaint" is filed, not a "charge." Aldrich argues that WIS. ADMIN. CODE § [DWD] 218.03(3) defines what constitutes the filing of a complaint and that the intake questionnaire she filed

---

(3) FORM AND CONTENT OF COMPLAINT. A complaint shall be written on a form which is available at any division office or on any form acceptable to the department. Each complaint shall be signed by the person filing the complaint or by the person's duly authorized representative. The signature constitutes an acknowledgment that the party or the representative has read the complaint; that to the best of that person's knowledge, information and belief the complaint is true and correct; and that the complaint is not being used for any improper purpose, such as to harass the party against whom the complaint is filed. Each complaint shall contain all of the following information:

(a) The name and address of the complainant.

(b) The name and address of the respondent.

(c) A concise statement of the facts, including pertinent dates, constituting the alleged act of employment discrimination, unfair honesty testing or unfair genetic testing.

with the EEOC satisfied the requirements that must be met under § [DWD] 218.03(3) . . . .

Aldrich's argument against the applicability of issue preclusion to her demotion claims rest[s] on a flawed premise. That is, the date of filing of a cross-filed complaint can be determined independently of federal law. Aldrich's argument that if a charging party's initial submission to the EEOC satisfies the requirements of WIS. ADMIN. CODE § DWD 218.03(3) then the charging party's claim is timely under the WFEA ignores several fundamental points.

It ignores the fact that WIS. STAT. § 111.39(1) requires that a complaint be filed with the ERD—not the EEOC—to stop the running of the WFEA's statute of limitations. Further, WIS. ADMIN. CODE § [DWD] 218.02(6) defines "filing" to mean the physical receipt of a document. Aldrich chose to file her charge with the EEOC, which was cross-filed with the ERD pursuant to the agencies' workshare agreement. As the federal court already decided, "Plaintiff's formal charge . . . was not filed until February 10, 2004. Accordingly, plaintiff's claim concerning her March 23, 2003 demotion was time barred because it occurred more than 300 days prior to filing the charge with the EEOC."

As to constructive discharge, the Commission relied upon the ALJ's analysis, stating:

The U.S. District Court determined essentially that [Aldrich] had failed to timely amend her "Charge of Discrimination" that had been filed with the EEOC to include a claim of constructive discharge . . . .

Had [Aldrich's] federal charge been deemed to have been timely amended, it generally could be argued that [Aldrich's] state claims should be considered to have been timely amended in light of the worksharing arrangement between the EEOC and the ERD. However, since [Aldrich's] federal charge has been determined by

508

a federal court not to have been timely amended (and in the absence of any evidence that [Aldrich] independently timely amended her state claims by separate correspondence to the ERD), any attempt by [Aldrich] to argue now that her state claims should be deemed to have been timely amended must fail . . . .

The Commission additionally noted Best Buy's position with respect to allowing Aldrich to amend her complaint as of the time of the Commission's decision:

Aldrich filed her EEOC Charge *after* the alleged constructive discharge occurred, but as found by the Federal Court, her Charge did not include that claim. From the outset of [the] Federal Action, Best Buy challenged Aldrich's inclusion of the constructive discharge claim. Aldrich nonetheless made no attempt to amend her WFEA complaint to include a claim for constructive discharge—until now. The statute of limitations on this claim ran five years ago.

The Commission concluded that Aldrich's constructive discharge claim must also be dismissed as untimely. Based on the applicable law, we conclude that the Commission's decision is reasonable.

¶ 13. First, as the Commission noted, the formal charge filed on February 10, 2004, was the only document transmitted by the EEOC to the ERD. The August 2003 questionnaire upon which Aldrich now seeks to base her claim was never physically received by the ERD. An independent state law analysis as to whether the 2003 questionnaire was sufficient to constitute a "complaint" under WIS. ADMIN. CODE § DWD 218.03(3) is not available because it was never "filed" with the ERD, much less filed within 300 days. *See* WIS. STAT. § 111.39(1) (the department may "receive and investigate" a complaint charging discrimination "if the complaint is filed *with the department* no more than 300

509

days after the alleged discrimination") (emphasis added); *see also* Wis. Admin. Code § DWD 218.02(6) ("Filing," for purposes of § 111.39(1), is defined as "the physical receipt of a document.")

¶ 14. All parties agree that Aldrich pursued a discrimination claim with the EEOC instead of filing a complaint directly with the ERD, thus relying on the constructive filing deferral process. We agree with the Commission that the plain language of Wis. Admin. Code § DWD 218.03(5) designates the date of filing with the ERD as the date that the EEOC received Aldrich's charge of discrimination—February 10, 2004. It provides: "A complaint which is deferred to the department by a federal or local employment opportunity agency with which the department has a worksharing agreement complies with the requirements of sub. (3) [governing form and content] *and is considered filed when received by the federal or local agency."* Sec. DWD 218.03(5) (emphasis added). The deferral process, as governed by § DWD 218.03(5), clearly provides that the "filing" date will be based upon receipt by the deferring agency. Here, the EEOC determined the charge was filed on February 10, 2004, and that ruling was affirmed by the federal district court.

¶ 15. Aldrich's quest for an independent analysis of an earlier filed document for purposes of complying with the form and content "complaint" requirement of Wis. Admin. Code § DWD 218.03(3) is also contrary to the clear language of subsection (5) which provides that a complaint deferred by the EEOC *complies with the form and content requirement of subsection (3).* Here, there is no dispute that the formal charge of February 10, 2004, deferred by the EEOC complied with the form and content requirement of subsection (3). There is no pro-

vision for an independent state law analysis under § DWD 218.03(3) of earlier filed documents with the EEOC.

¶ 16. The Commission has been consistent in determining a single date of filing—by analyzing the timeliness of a complaint filed with the EEOC based on federal law. *See, e.g., Mozden v. Brakebush Brothers Inc.*, (LIRC 3/30/07) ("A transmittal letter from the EEOC to the ERD indicates that the complainant's charge was initially received by the EEOC on September 20, 2005. The commission, therefore, finds that the complainant's ERD complaint was also filed on that date."); *Keup v. Mayville Metal Prods.* (LIRC 6/22/95) ("charge" timely filed with the EEOC under federal law is deemed timely received by the ERD). By providing a mechanism to determine a single date for the filing of cross-filed complaints, as well as a single analysis for compliance with the "complaint" requirement, the department precluded the possibility that a complainant could twice litigate a statute of limitations claim.

¶ 17. The reasoning as to timeliness applies with equal force to Aldrich's constructive discharge allegations. Aldrich conceded before the Commission that her charge of discrimination filed with the EEOC did not include a constructive discharge claim, and that this claim was not independently submitted to the ERD. Based on our determination that the charge filed with and transmitted by the EEOC constitutes the filed charge for purposes of the ERD and Aldrich's concession that the EEOC filing did not contain a constructive discharge claim, we cannot hold unreasonable the Commission's determination that Aldrich's constructive discharge allegation is time-barred.

¶ 18. Given Aldrich's choice to pursue the cross-complaint deferral process, the Commission reasonably

concluded that the date of filing is determined by the date of filing with the deferring agency, in this case, by the EEOC under federal law. We deem reasonable the Commission's determination that Aldrich's discrimination and constructive discharge claims were untimely.

*Issue Preclusion*

■■

¶ 19. Best Buy contends that the Commission properly applied issue preclusion to prevent Aldrich from relitigating the timeliness of her federal discrimination charge. Aldrich contends that the federal court's determination that her complaint was untimely under federal law is not dispositive as to the statute of limitations at issue under the WFEA and cannot bar her state law claim. We agree that the federal court's application of federal time limits is not generally dispositive as to the WFEA time limits. However, as discussed above, the language of WIS. ADMIN. CODE § DWD 218.03(5) makes the date of filing with the EEOC dispositive for purposes of a cross-filed claim with the WFEA. Thus, the issue of fact at the core of this dispute is the date of filing with the EEOC, a matter which has already been decided in federal litigation. We therefore uphold the Commission's application of issue preclusion as to that determination.

■■■■

¶ 20. "Issue preclusion refers to the effect of a judgment in foreclosing relitigation in a subsequent action of an issue of law or fact that has been actually litigated and decided in a prior action." *Northern States Power Co. v. Bugher*, 189 Wis. 2d 541, 550–51, 525 N.W.2d 723 (1995). In considering issue preclusion, we must ascertain whether its application comports with

"fundamental fairness." *Lindas v. Cady*, 183 Wis. 2d 547, 560–61, 515 N.W.2d 458 (1994). The factors which courts have deemed significant to protect the rights of parties to a full and fair adjudication of the issues are as follows:

> (1) could the party against whom preclusion is sought, as a matter of law, have obtained judicial review of the judgment; (2) is the question one of law that involves two distinct claims or intervening contextual shifts in the law; (3) do significant differences in the quality or extensiveness of proceedings between the two courts warrant relitigation of the issue; (4) have the burdens of persuasion shifted such that the party seeking preclusion had a lower burden of persuasion in the first trial than in the second; or (5) are matters of public policy and individual circumstances involved that would render the application of collateral estoppel to be fundamentally unfair, including inadequate opportunity or incentive to obtain a full and fair adjudication in the initial action.

*Lindas*, 183 Wis. 2d at 561 (citing *Michelle T. v. Crozier*, 173 Wis. 2d 681, 689, 495 N.W.2d 327 (1993)) (footnote omitted).

¶ 21. Here, Aldrich was represented by counsel in the federal proceedings and could have sought review of the federal court decision. The question of law in both the federal and state case were the same—whether the August 2003 EEOC intake questionnaire and supplemental information concerning her constructive discharge allegation constituted a "filed" charge for purposes of the 300–day time limit—and this determination has not been subject to a shift in the law that could impact the state law analysis. We acknowledge Aldrich's argument as to the flux in federal law with respect to whether an intake questionnaire could constitute and satisfy the requirements of a "charge." However, Aldrich is not seeking a reconsideration of the federal analysis

but rather an independent state law analysis of the sufficiency of her intake questionnaire. As set forth herein, the Commission's determination that there simply is no basis for an independent analysis is reasonable. Any lack of clarity on the federal level does nothing to change the state law analysis of the central issue presented here—the date that the ERD received Aldrich's charge from the EEOC, the deferring agency. *See* WIS. ADMIN. CODE § DWD 218.03(5). Any adjustment in the accuracy of the EEOC designated filing date could have and should have been addressed in the federal proceedings.

¶ 22. Further, there are no significant differences in the quality or extensiveness of the state and federal proceedings which warrants relitigation of the issue, nor does the burden of proof impact the outcome. Finally, there are no matters of public policy or individual circumstances that render the application of issue preclusion in this proceeding fundamentally unfair. In short, the EEOC designated filing date is a matter of federal law that was determined in federal court. If Aldrich wanted to contest that court's determination, she could have sought review of its decision. Given that the correct EEOC filing date has been litigated in a prior action and that fundamental fairness does not require otherwise, we conclude that the application of issue preclusion is appropriate.

## Conclusion

¶ 23. We conclude that the Commission's interpretation and application of the WFEA to Aldrich's claims was reasonable. We therefore uphold its determination that Aldrich's claims, as deferred to the ERD from the EEOC, were untimely. We further conclude that issue preclusion bars Aldrich's attempt to relitigate

the filing date or content of her EEOC charge in the context of this state proceeding. We therefore reverse the circuit court's order and remand with directions to reinstate the Commission's decision.

*By the Court.*—Order reversed and cause remanded with directions.