COURT OF APPEALS
DECISION
DATED AND FILED

April 29, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1712**

STATE OF WISCONSIN

Cir. Ct. No. 2019CV4641

IN COURT OF APPEALS
DISTRICT I

MICHAEL STEHBERGER,

PLAINTIFF-RESPONDENT-CROSS-APPELLANT,

V.

JOURNAL SENTINEL, INC. AND GANNETT PUBLISHING SERVICES, LLC,

DEFENDANTS-APPELLANTS-CROSS-RESPONDENTS.

APPEAL and CROSS-APPEAL from an order of the circuit court for Milwaukee County: GWENDOLYN G. CONNOLLY, Judge. *Affirmed*.

Before White, C.J., Donald, P.J., and Colón, J.

Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).

¶1     PER CURIAM. Journal Sentinel, Inc. and Gannett Publishing Services, LLC (hereinafter collectively "the Journal") appeal from an order granting class certification on Michael Stehberger's wage deduction claim. Stehberger cross-appeals from the circuit court's order denying class certification on his unlawful penalty claim. For the reasons discussed below, we affirm the circuit court's order. We conclude that the circuit court properly exercised its discretion by granting class certification on the wage deduction claim and denying class certification on the unlawful penalty claim.

## BACKGROUND

¶2     Stehberger is a newspaper carrier for the Journal. Carriers are responsible for delivering the Journal's various publications to its subscribers. Each carrier signs a contract with the Journal, titled "Independent Contractor Agreement." The Agreements include terms that are individually negotiated between the Journal and the carrier, such as the fee for the delivery of each publication and the amount to be charged as liquidated damages for service error complaints.

¶3     In June 2019, Stehberger filed a class action suit against the Journal. The complaint alleged that the Journal was making unlawful wage deductions for service error complaints from the carriers' wages and had breached the Agreements. In October 2020, Stehberger filed an amended complaint, which added an allegation that the Agreements included an unlawful penalty provision.

¶4     In November 2020, Stehberger filed a motion for class certification of the unlawful wage deduction claim (hereinafter "the first claim") and the unlawful penalty claim (hereinafter "the second claim"). The Journal opposed class certification.

¶5      Following briefing and a hearing, the circuit court issued a written order that granted class certification for Stehberger's first claim and denied class certification for his second claim.

¶6      The Journal appealed the grant of class certification on the first claim.  Stehberger cross-appealed the denial of class certification on the second claim.  This court concluded that the circuit court failed to adequately explain its reasoning with respect to both claims.  ***Stehberger v. Gannett Publ'g Servs.***, No. 2021AP1403, unpublished slip op., ¶¶1-2 (WI App Feb. 7, 2023).  Accordingly, this court reversed and remanded for further proceedings.  ***Id.***

¶7      On remand, and before a different judge, the parties submitted restated arguments on class certification.[1]  The circuit court issued a twenty-two page decision, which granted certification on the first claim and denied certification on the second claim.  The Journal now appeals, and Stehberger cross-appeals.  Additional relevant facts are discussed below.

## DISCUSSION

¶8      Wisconsin's requirements for class certification are codified in WIS. STAT. § 803.08 (2023-24).[2]  Under this statute, a plaintiff must first show that:

---

[1]  The Honorable Gwendolyn G. Connolly issued the decision on remand.

[2]  In 2018, Wisconsin's class action statute was revised to harmonize Wisconsin law with federal standards.  *See* S. CT. ORDER 17-03, 2017 WI 108 (issued Dec. 21, 2017, eff. July 1, 2018); 2017 Wis. Act 235, § 8.  We look to federal case law for guidance when interpreting WIS. STAT. § 803.08.  ***Harwood v. Wheaton Franciscan Servs., Inc.***, 2019 WI App 53, ¶5, 388 Wis. 2d 546, 933 N.W.2d 654.

All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

(a) The class is so numerous that joinder of all members is impracticable.

(b) There are questions of law or fact common to the class.

(c) The claims or defenses of the representative parties are typical of the claims or defenses of the class.

(d) The representative parties will fairly and adequately protect the interests of the class.

Sec. 803.08(1)(a)-(d). If these four prerequisites are satisfied, a plaintiff must also prove that "the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Sec. 803.08(2)(c).[3]

¶9 The decision to grant or deny a motion for class certification is committed to the circuit court's discretion. *Harwood v. Wheaton Franciscan Servs., Inc.*, 2019 WI App 53, ¶41, 388 Wis. 2d 546, 933 N.W.2d 654. A circuit court properly exercises its discretion when "it examines the relevant facts, applies a proper legal standard and, in a rational process, reaches a conclusion that a reasonable judge could reach." *Cruz v. All Saints Healthcare Sys., Inc.*, 2001 WI App 67, ¶11, 242 Wis. 2d 432, 625 N.W.2d 344. If the circuit court fails to articulate its reasoning, we "will review the record independently to determine whether there is any reasonable basis for the [circuit] court's discretionary decision." *State v. Davidson*, 2000 WI 91, ¶53, 236 Wis. 2d 537, 613 N.W.2d 606. Additionally, "we may affirm on grounds different than those relied on by

---

[3] We note that there are two other statutory types of class actions, *see* WIS. STAT. § 808.03(2)(a)-(b), that are not relevant in this case.

the [circuit] court." ***Vanstone v. Town of Delafield***, 191 Wis. 2d 586, 595, 530 N.W.2d 16 (Ct. App. 1995).

¶10    When determining whether to certify a class or classes, the circuit court's analysis must be "rigorous," which will often "entail some overlap with the merits of the plaintiff's underlying claim." ***Wal-Mart Stores, Inc. v. Dukes***, 564 U.S. 338, 351 (2011). However, this is not a "license to engage in free-ranging merits inquiries[.]" ***Amgen Inc. v. Connecticut Ret. Plans & Tr. Funds***, 568 U.S. 455, 466 (2013). "Merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the … prerequisites for class certification are satisfied." ***Id.***

¶11    Below, we examine the circuit court's ruling on each of Stehberger's class action claims.

## I.    First Claim

¶12    Stehberger's first claim asserts that the Journal made unlawful deductions for service error complaints from the carriers' wages in violation of WIS. STAT. § 103.455. This statute provides:

> No employer may make any deduction from the wages due or earned by any employee, who is not an independent contractor, for defective or faulty workmanship, lost or stolen property or damage to property, unless the employee authorizes the employer in writing to make that deduction…. In case of a disagreement between the 2 parties, the [Department of Workforce Development] shall be the 3rd determining party, subject to any appeal to the court.

Sec. 103.455. An "employee" is defined as:

> any person who may be required or directed by any employer, in consideration of direct or indirect gain or

5

profit, to engage in any employment, or to go or work or be at any time in any place of employment.

WIS. STAT. § 103.001(5).

¶13     In granting class certification on the first claim, the circuit court observed that Stehberger described the class as individuals that:

> for a time period starting six years before the start of this lawsuit was filed for the 17 class members who did not release their claims by participating in a litigation settlement between Randal Broughton and the Journal Sentinel Inc; and starting September 18, 2018 for remaining class members who released their earlier claims … [were] both signatory to contracts with [the Journal] to deliver publications, and suffered deductions to compensation because of service error complaints for days when they delivered publications.

¶14     The circuit court found that the proposed class was "sufficiently numerous," Stehberger and the proposed class had "two common questions of fact and law," Stehberger "is typical of the class," Stehberger and his counsel "are an adequate representation" of the proposed class, the common questions of fact and law "predominate over individual issues," and a class action "is superior to other means of adjudication[.]"

¶15     The circuit court described the two common questions as: (1) whether each carrier was misclassified as an independent contractor rather than an employee; and (2) if the carriers are employees, whether the procedures implemented by the Journal violated WIS. STAT. § 103.455.

¶16     In regard to the first common question, the circuit court found that the evidence supported a finding that the Journal had a right to control the carriers, and thus, the carriers were employees. In support, the court noted that the Journal directed carriers on how to assemble, where to bag, and where to deliver

6

publications; instructed the carriers on the placement of Wall Street Journal inserts; required placement of certain papers on top of the main paper; required porch delivery of magazines at the request of the magazine publisher, not the subscriber; required delivery of the newspapers to the subscriber's porch if no delivery location was selected; and expected new carriers to deliver to the location shown to them, even if no preference was indicated by the subscriber.

¶17    In regard to the second question, the circuit court found that "at least some [d]eductions" made by the Journal violated WIS. STAT. § 103.455 because they were made without written authorization and the disagreements were not subject to review by the Department of Workforce Development.

¶18    In challenging the circuit court's grant of certification, the Journal first contends that the circuit court applied the wrong legal standard. The Journal argues that when determining whether a worker is an employee or an independent contractor, the circuit court should have utilized the "*Spirides* test."[4] The *Spirides* test sets forth multiple factors to determine whether an individual is an employee or contractor for the purposes of Title VII. *See Moore v. LIRC*, 175 Wis. 2d 561, 568-70, 499 N.W.2d 288 (Ct. App. 1993).

¶19    Stehberger responds that the Journal forfeited its argument that the *Spirides* test applies, and we agree. While the Journal argued that multiple factors should be taken into consideration when determining whether an individual is an employee or an independent contractor, the Journal did not cite the *Spirides* test in its circuit court filings. Generally, a party is required to make all of its arguments

---

[4] *See Spirides v. Reinhardt*, 613 F.2d 826 (D.C. Cir. 1979).

7

to the circuit court as we will not "blindside [the circuit court] with reversals based on theories which did not originate in their forum." *State v. Rogers*, 196 Wis. 2d 817, 827, 539 N.W.2d 897 (Ct. App. 1995).

¶20    Moreover, even if we assume that the Journal did not forfeit this argument, the Journal does not cite any binding or persuasive case law applying the *Spirides* test in this particular context[5] or sufficiently develop an argument in its brief-in-chief as to why the *Spirides* test should apply here. We will not address inadequately briefed and undeveloped arguments. *State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992).

¶21    The Journal also contends the common evidence does not support that the carriers were employees as opposed to independent contractors. To the extent that the Journal is inviting this court to engage in a merits inquiry regarding whether the carriers are employees or independent contractors, this is inappropriate. At the class certification stage, a plaintiff need not prove that their or any other class members' claims are meritorious. *See Amgen*, 568 U.S. at 466. As Stehberger asserts, based on the evidence, the circuit court will be able to uniformly decide whether each carrier was an employee or independent contractor in "one stroke." *See Wal-Mart Stores, Inc.*, 564 U.S. at 350 (requiring the

---

[5] In support of its argument that the *Spirides* test applies, the Journal cites *Moore v. LIRC*, 175 Wis. 2d 561, 499 N.W.2d 288 (Ct. App. 1993), which involves the Wisconsin Fair Employment Act, and a Seventh Circuit Court case, *Worth v. Tyer*, 276 F.3d 249 (7th Cir. 2001), which involves Title VII. We also note that throughout its brief-in-chief, the Journal cites several unpublished per curiam opinions. While unpublished opinions issued after July 1, 2009, may be cited for persuasive value, this is true only as to authored opinions, which do not include per curiam opinions. WIS. STAT. RULE 809.23(3). We remind appellate counsel that we expect compliance with the rules of appellate procedure. *Cf. Tamminen v. Aetna Cas. & Sur. Co.*, 109 Wis. 2d 536, 563-64, 327 N.W.2d 55 (1982) (imposing a $50 penalty for improperly citing an unpublished court of appeals opinion in violation of the rules of appellate procedure).

resolution of a "common contention" central to the common claim in "one stroke").

¶22     In addition, the Journal contends that Stehberger did not establish common evidence that the deductions for service error complaints were made in a manner that did not comport with WIS. STAT. § 103.455.

¶23     Stehberger argues that WIS. STAT. § 103.455 was violated in two respects: (1) the Journal made unlawful wage deductions without obtaining authorization in writing; and (2) a Journal manager, not the DWD, determined whether the carrier was at fault for service error complaints.

¶24     The Journal focuses on Stehberger's first argument—whether the carriers authorized the deductions in writing.  Class certification is appropriate when "questions of law or fact common to class members predominate over any questions affecting only individual members[.]"  WIS. STAT. § 803.08(2)(c). However, not every issue needs to be susceptible to common proof.  *See Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1059-60 (7th Cir. 2016) (holding that class certification was appropriate where one element of a conjunctive test was susceptible to common proof).  Thus, even if we were to assume that individual determinations were necessary regarding whether each carrier authorized a deduction in writing, this still leaves the question of whether making a Journal manager the decisionmaker, rather than DWD, violated WIS. STAT. § 103.455. The Journal does not make any argument that the answer to this question will be different for each class member.

¶25     Therefore, we are not persuaded that the circuit court erroneously exercised its discretion or failed to conduct a "rigorous analysis" of the evidence with respect to Stehberger's first claim.

## II.    Second Claim

¶26    Stehberger's second claim alleges that the Agreements included an unlawful penalty provision.

¶27    As stated above, Stehberger and other carriers individually negotiated Agreements with the Journal for the delivery of publications to subscribers.   In the event that a carrier fails to perform and the Journal must appease the subscriber, the Agreements provide that liquidated damages may be charged to the carrier.  The Agreements state:

> **Liquidated Damages.**   In addition to any other rights Company has under this Agreement, should Company have to distribute any copy of Publications or provide a credit to a subscriber or Location, because of Contractor's failure to perform, Contractor agrees to be charged by Company, as liquidated damages and not as a penalty, at the rate of — per copy daily and — per copy Sunday of Publications distributed by Company (or its designee) or — per credit daily and  — per credit Sunday provided.

The carriers negotiated the specific dollar figure to be filled into the blanks. Stehberger negotiated a liquidated damages charge of $2 for each blank category.

¶28    With respect to this claim, the circuit court observed that Stehberger described the class as individuals that:

> for a time period starting six years before the start of this lawsuit was filed for the 17 class members who did not release their claims by participating in a litigation settlement between Randal Broughton and the Journal Sentinel Inc; and starting September 18, 2018 for remaining class members who released their earlier claims … [were] both signatory to contracts with Defendants to deliver publications and suffered $2 deductions to compensation because of service error complaints.

¶29 The circuit court found that the proposed class was "sufficiently numerous"; Stehberger is "typical" of the proposed class; Stehberger and his counsel are "adequate to represent" the proposed class; and a class action is "the superior method of adjudication." The court found that there was a common question as to whether the deductions were solely "intended to compensate [the Journal] for the harms of the redelivered publications/providing subscriber credit, or for all possible harms that could result from service error complaints[.]" The circuit court, however, found that commonality was not satisfied on Stehberger's other proposed question, which asked the court to "uniformly determine the maximum permissible ratio between the current $2 charge and the actual cost related to redelivery or credit before the $2 charge becomes an unenforceable penalty[.]" In addition, the court found that Stehberger's proposed common questions did not predominate over individual issues.

¶30 Stehberger contends that the circuit court erred when determining that the predominance standard was not satisfied.

¶31 As stated above, WIS. STAT. § 803.08(2) requires that "the questions of law or fact common to class members predominate over any questions affecting only individual members[.]" "The guiding principle behind predominance is whether the proposed class's claims arise from a common nucleus of operative facts and issues." *Hammetter v. Verisma Sys., Inc.*, 2021 WI App 53, ¶23, 399 Wis. 2d 211, 963 N.W.2d 874 (citation omitted).

¶32 We disagree with Stehberger and conclude that the circuit court properly exercised its discretion in finding that individual issues predominate on Stehberger's second claim.

¶33    Liquidated damages clauses are valid if the clause is "reasonable under the totality of the circumstances." ***Equity Enters., Inc. v. Milosch***, 2001 WI App 186, ¶19, 247 Wis. 2d 172, 633 N.W.2d 662.  Several questions are helpful when determining reasonableness:

> (1) Did the parties intend to provide for damages or for a penalty? (2) Is the injury caused by the breach one that is difficult or incapable of accurate estimation at the time of contract? and (3) Are the stipulated damages a reasonable forecast of the harm caused by the breach?

*Id.*, ¶20 (citation omitted).   "Essentially, we must look at both the 'harm anticipated at the time of contract formation and the actual harm at the time of breach.'"  ***Kernz v. J.L. French Corp.***, 2003 WI App 140, ¶30, 266 Wis. 2d 124, 667 N.W.2d 751 (citation omitted).

¶34    Here, assessing the reasonableness of the liquidated damages clause cannot be ascertained on a class-wide basis.  As the Journal observes, determining the actual harm requires an individualized inquiry into the circumstances of each liquidated damages charge.  For example, the amount of damages cannot be established on a class-wide basis.  In some instances, when there is a service complaint, a subscriber may be satisfied receiving a credit.  At other times, a subscriber may want a full refund and cancellation of their subscription.  Alternatively, the subscriber may want redelivery.  Therefore, determining whether a liquidated damages clause is an unlawful penalty is a highly individualized inquiry and not suited to class-wide treatment.  Accordingly, we are not persuaded that the circuit court erroneously exercised its discretion in denying class certification on Stehberger's second claim.

**CONCLUSION**

¶35    Therefore, for all of the reasons above, we affirm the circuit court's order granting class certification on the wage deduction claim and denying class certification on the unlawful penalty claim.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.